ANTHONY BARASSO *v.* REAR STILL HILL
ROAD, LLC, ET AL.
(AC 20507)

Lavery, C. J., and Mihalakos and Stoughton, Js.

Argued January 24—officially released June 26, 2001

*Robert M. Frost, Jr.*, with whom, on the brief, were *Jonathan P. Whitcomb* and *Craig P. Nowak*, for the appellants (defendants).

*Jo-Ann R. Sensale*, with whom, on the brief, was *Leonard A. Fasano*, for the appellee (plaintiff).

*Opinion*

STOUGHTON, J. The defendants, Rear Still Hill Road, LLC, and Emerald Realty, Inc., appeal from the judgment of strict foreclosure rendered in favor of the plaintiff, Anthony Barasso, after the trial court granted the plaintiff's motion to strike special defenses pleaded by the defendants. The defendants claim that the court improperly granted the motion because the motion failed to specify the grounds of insufficiency as required by Practice Book § 10-41.[1] We agree with the defendants and, therefore, reverse the judgment of the trial court.[2]

---

[1] Practice Book § 10-41 provides: "Each motion to strike raising any of the claims of legal insufficiency enumerated in the preceding sections [of the rules of practice] shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency."

[2] We note that the defendants also have claimed on appeal that the court (1) failed to credit excess payments on another debt toward the mortgage

The following facts and procedural history are relevant to our resolution of this appeal. The plaintiff holds a note, which is now in default, dated October 7, 1994, for $250,000 from the defendant Emerald Realty, Inc., secured by a mortgage on certain property in Hamden. Emerald Realty, Inc., subsequently conveyed the property by quitclaim deed to Rear Still Hill Road, LLC. Emerald Realty, Inc., holds a mortgage on the property bearing the same date as the quitclaim deed. Frank Verderame has an assignment of a prior mortgage on the property. The assignment was dated and recorded in August, 1997, and the mortgage was dated and recorded in July, 1993.

The plaintiff initiated this foreclosure action on September 2, 1998, and on or about December 21, 1998, the defendants filed an answer and special defenses. Thereafter, the plaintiff filed a motion to strike the special defenses.[3] The defendants objected to the plaintiff's motion to strike, arguing, inter alia, that the motion failed to specify the grounds of insufficiency of the defendants' special defenses. On July 28, 1999, the defendants filed an answer with revised special defenses. On July 30, 1999, the court granted the plaintiff's motion to strike the defendants' revised special defenses. On January 24, 2000, the court rendered judg-

debt when granting the plaintiff's motion to strike as to the first special defense, (2) considered evidence outside of the pleadings when granting the plaintiff's motion to strike as to the first special defense and (3) improperly granted the motion to strike certain equitable defenses. In light of our conclusion that the court improperly granted the plaintiff's motion to strike because the motion failed to specify the grounds of insufficiency, we need not reach those claims.

[3] The plaintiff's motion to strike states: "The plaintiff in the above entitled matter moves to strike the following from the defendant[s'] Special Defenses, the First through the Thirteenth Special Defenses. The Plaintiff makes this request because the mentioned Special Defenses are insufficient as a matter of law.

"A Memorandum of Law in support of this motion, which discusses the legal insufficiency of each Special Defense, is attached."

ment of strict foreclosure in favor of the plaintiff. This appeal followed.

We begin by noting that the record is adequate for our review. As the plaintiff has pointed out, the record on appeal; see Practice Book § 68-2; does not contain a memorandum of decision or a transcribed copy of an oral decision signed by the trial court as required by Practice Book § 64-1 (a). A signed transcript from the hearing on the motion to strike, however, was distributed to this court before this appeal was argued. See Practice Book § 64-1 (b). Because the transcript includes detailed rulings made by the trial judge and is more than an "autographed colloquy between the trial court and trial counsel"; *Auric Answering Service, Inc.* v. *Glenayre Electronics, Inc.*, 54 Conn. App. 86, 88, 733 A.2d 307, cert. denied, 250 Conn. 926, 738 A.2d 653 (1999); we will not exalt form over substance and refuse to review this appeal. See *Mikolinski* v. *Commissioner of Motor Vehicles*, 55 Conn. App. 691, 699, 740 A.2d 885 (1999), cert. denied, 252 Conn. 922, 747 A.2d 518 (2000). We now turn to the merits of the defendants' claim.

On appeal, the defendants' claim that the court improperly granted the plaintiff's motion to strike the defendants' special defenses. The defendants claim that the plaintiff's motion was fatally defective because it failed to state the alleged grounds of insufficiency as required by Practice Book § 10-41. In response, the plaintiff claims that his motion to strike was not fatally defective because the attached memorandum of law in support of his motion set forth the specified reasons of insufficiency. We agree with the defendants.

"Our standard of review is undisputed. Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review of the court's ruling on [a motion to strike] is plenary." (Internal quotation marks

omitted.) *Melanson* v. *West Hartford*, 61 Conn. App. 683, 687, 767 A.2d 764, cert. denied, 256 Conn. 904, 772 A.2d 595 (2001); see *Eskin* v. *Castiglia*, 253 Conn. 516, 522, 753 A.2d 927 (2000). A party wanting to contest the legal sufficiency of a special defense may do so by filing a motion to strike. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) *Danbury* v. *Dana Investment Corp.*, 249 Conn. 1, 17, 730 A.2d 1128 (1999); Practice Book § 10-50. In ruling on a motion to strike, the court must accept as true the facts alleged in the special defenses and construe them in the manner most favorable to sustaining their legal sufficiency. *Connecticut National Bank* v. *Douglas*, 221 Conn. 530, 536, 606 A.2d 684 (1992); *Melanson* v. *West Hartford*, supra, 687.

Practice Book § 10-41 requires that a motion to strike raising a claim of insufficiency "shall distinctly specify the reason or reasons for each such claimed insufficiency." Motions to strike that do not specify the grounds of insufficiency are "fatally defective" and, absent a waiver by the party opposing the motion, should not be granted.[4] *Lubas* v. *McCusker*, 153 Conn. 250, 253, 216 A.2d 289 (1965); see *Bouchard* v. *People's Bank*, 219 Conn. 465, 468 n.4, 594 A.2d 1 (1991). Our Supreme Court has stated "that a motion to strike that does not specify the grounds of insufficiency is fatally defective . . . and that Practice Book § [10-42], which

---

[4] We note that in *Bouchard* v. *People's Bank*, 219 Conn. 465, 468 n.4, 594 A.2d 1 (1991), and in *Morris* v. *Hartford Courant Co.*, 200 Conn. 676, 683 n.5, 513 A.2d 66 (1986), our Supreme Court considered the fatally defective motions to strike in the form that they were presented to the trial courts because the parties opposed to the motions failed to object to their form at trial and because Practice Book § 10-41 is not jurisdictional in nature. In the present case, however, the defendants properly raised this issue in their objection to the plaintiff's motion to strike.

requires a motion to strike to be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies, does not dispense with the requirement of [Practice Book § 10-41] that the reasons for the claimed pleading deficiency be specified in the motion itself." (Citation omitted; internal quotation marks omitted.) *Morris* v. *Hartford Courant Co.*, 200 Conn. 676, 683 n.5, 513 A.2d 66 (1986); *King* v. *Board of Education*, 195 Conn. 90, 94 n.4, 486 A.2d 1111 (1985); see *Bouchard* v. *People's Bank*, supra, 468 n.4.

In the present case, the plaintiff's motion clearly fails to specify the grounds of insufficiency. It merely states: "A Memorandum of Law in support of this motion, which discusses the legal insufficiency of each Special Defense, is attached." Accordingly, the plaintiff's motion is fatally defective. The defendants brought this issue to the attention of the court, and the plaintiff's motion should not have been granted. The plaintiff's assertion that his motion is not fatally defective because the specific grounds of insufficiency are set forth in a supporting memorandum of law is meritless. See *Morris* v. *Hartford Courant Co.*, supra, 200 Conn. 683 n.5.

Therefore, because the plaintiff's motion failed to specify the grounds of insufficiency as required by Practice Book § 10-41, we must conclude that the court improperly granted the plaintiff's motion to strike.

The judgment is reversed and the case is remanded with direction to deny the plaintiff's motion to strike and for further proceedings in accordance with law.

In this opinion the other judges concurred.