[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant moves to strike the second count of the plaintiffs complaint which alleges a breach of the implied covenant of good faith and fair dealing with respect to a contract to provide underinsured motorist coverage.
Preliminarily, the plaintiff contends that the court should reject the motion at the onset for failure to comply with Practice Book §10-41. That section requires that a motion to strike "shall distinctly specify the reason or reasons" forming the basis for the motion. Noncompliance with § 10-41 is fatal to a motion to strike, Barassov. Rear Still Hill Road, L.L.C., 64 Conn. App. 9, 13 (2001). The presence of detailed grounds for the motion in an attached memorandum fails to cure this defect, Id., 14.
In the present case, however, the movant has adequately specified the insufficiencies purportedly afflicting the second count of the plaintiffs complaint. The defendant's motion states, "enforcement of legal rights and/or litigation of contested coverage issues is insufficient to state an action of bad faith." The motion prefaces this contention by noting that the second count alleges bad faith by the defendant "for enforcing CT Page 9014 the statute of limitations as contained in its policy." Because the motion to strike clearly enunciates the purported defect of the second count, § 10-14 is satisfied.
A motion to strike "admits all the facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings," Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985).
Paragraph 22 of the second count of the complaint avers that the defendant acted unreasonably by, among other behaviors, refusing the plaintiff's claim for benefits on the ground that that claim was "barred by the statute of limitations included in the policy, when no such contractual limitation existed in the said policy." The court must regard this allegation as true. It is no mere denial of benefits that is set forth, but, rather, a denial based on a nonexistent provision. Bad faith and dishonest purpose can logically and reasonably be inferred from such factual assertion. It sufficiently sets forth the factual premise for a cause of action for a breach of good faith and fair dealing.
The motion to strike is denied.
SFERRAZZA, J.