[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE (#134)
In an amended complaint dated November 1, 1999, the plaintiff, Chase Manhattan Mortgage Corporation, brought this foreclosure action against the defendants, Brigitte Beck (Beck), Madison T. Rutherford (Rutherford), People's Bank and Green Tree Financial Servicing Corporation. The following pertinent facts apply: defendant Rutherford procured a power of attorney from defendant Beck. On May 10, 1996, through the power of attorney he received from Beck, Rutherford obtained an alleged note and mortgage (the mortgage) on Beck's Norwalk home from the plaintiff's predecessor-in-interest, Fairfield Mortgage Corporation (Fairfield Mortgage). On the same day, Fairfield Mortgage assigned the mortgage to the plaintiff. The plaintiff alleges that as of June 1, 1998, Rutherford and Beck have defaulted on the mortgage by virtue of nonpayment. As a result. the plaintiff has brought this foreclosure action.
On March 19, 2001, Beck filed an amended answer, special defenses and cross claims. In essence, Beck's third special defense alleges that Rutherford stated his own death. Specifically, Beck's special defense, sounding in fraud alleges that: at all relevant times, Rutherford represented to Beck that his name was Madison Rutherford and that he would remit payment to the holder of the alleged mortgage. Moreover, Beck claims that Rutherford had disappeared with the majority of the proceeds from the mortgage and had failed to make the requisite payments on the mortgage. Beck alleges that in July of 1998, upon information and belief, Rutherford traveled to Mexico where he died in an automobile accident. Beck alleges that in November of 2000, upon information and belief, Rutherford, using the alias Thomas Hamilton, was arrested by the F.B.I. and ultimately, pled guilty to wire fraud. Additionally, Beck claims that Rutherford's other alias is John Patrick Sankey. "Beck alleges that Rutherford fraudulently procured the power of attorney from Beck in order to execute the alleged mortgage. Furthermore, Beck alleges that Rutherford made false representations to Beck with the intent to CT Page 9308 defraud and to induce Beck into executing the power of attorney in order to allow Rutherford to secure the alleged mortgage and ultimately, to disappear with the proceeds.
On May 4, 2001, the plaintiff moved to strike Beck's third special defense on the ground that it is legally insufficient and does not state a valid defense to the plaintiff's action. Specifically, the plaintiff argues that the third special defense is invalid because: (1) it does not allege any participation or knowledge on the part of the plaintiff with regard to the alleged fraudulent procurement of the power of attorney; and (2) it does not set forth any allegations that would have terminated the apparent authority, created by Beck when she authorized the power of attorney to Rutherford, prior to the execution of the mortgage. Beck responds that she has alleged a sufficient special defense because: (1) the plaintiff's actions are called into question as the plaintiff's attorney never verified Rutherford's identity or the validity of the power of attorney when the plaintiff's attorney acknowledged receipt of the mortgage; and (2) the mortgage is invalid because the plaintiff acknowledged the mortgage as signed by "Madison T. Rutherford," who did not legally exist at the time of the mortgage execution, and therefore, there is no valid agency relationship between Beck and Rutherford.
"A party wanting to contest the legal sufficiency of a special defense may do so by filing a motion to strike." Barasso v. Rear Still HillRoad, LLC, 64 Conn. App. 9, 13, ___ A.2d ___ (2001). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. DanaInvestment Corp., 249 Conn. 1, 17, 730 A.2d 1128 (1999); see also Practice Book § 10-50. "In . . . ruling on the . . . motion to strike, the trial court recognize(s) its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684
(1992).
"At common law, the only defenses to an action of this character would have been payment, discharge, release or satisfaction . . . or, if there had never been a valid lien. . . . In recognition that a foreclosure action is an equitable proceeding, courts have allowed . . . fraud . . . to be pleaded as [a] special [defense]. . . . These special defenses [are] recognized as valid special defenses where they [are] legally sufficient and [address] the making, validity or enforcement of the mortgage and/or note." (Citations omitted; internal quotation marks omitted.) Lake v. Lake, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 176220 (January 8, 2001, CT Page 9309Hickey, J.); see also Bank United v. LeMoult, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 179862 (January 9, 2001, Resha, J.).
Beck's third special defense asserts fraud in the inducement. "The essential elements of an action in fraud, as we have repeatedly held, are: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury." (Internal quotation marks omitted.) Rizzo Pool Co. v. Del Grosso, 232 Conn. 666, 683, 657 A.2d 1087
(1995); see also Federal National Mortgage Assn. v. Jessup, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 169417 (August 3, 1999, Hickey, J.). In the present case, Beck has asserted that her co-defendant, Rutherford, fraudulently induced her to execute power of attorney to him. Beck concludes, therefore, that the mortgage is invalid and unenforceable. The court finds, however, that Beck does not allege that the plaintiff fraudulently induced the procurement of the power of attorney, or that the plaintiff committed any fraudulent acts at all. Moreover, Beck does not allege that the plaintiff had any knowledge of Rutherford's alleged fraud. While Beck may have a legally sufficient cause of action for fraud in her cross-claim against Rutherford, the purpose of a special defense is to demonstrate that the plaintiff has no cause of action. See Danbury v. Dana Investment Corp., supra, 249 Conn. 17. Even if the court construes the defense in a manner most favorable to Beck, it still would find that because Beck's special defense does not make any allegations of fraud against the plaintiff, it is not a valid special defense against the plaintiff's foreclosure action.
Furthermore, "[a] power of attorney is an instrument in writing authorizing another to act as one's agent. The person holding a power of attorney is known as an attorney-in-fact thus distinguishing him from an attorney at law. . . . The rules governing the interpretation of written instruments gene rally govern the construction of powers of attorney. First and foremost the intention of the parties as it existed at the time the powers were granted is to be ascertained. Next, and when ascertained, that intention is to be given effect. The intention is to be ascertained from the writing alone, if possible." (Internal quotation marks omitted.) Gerardo v. Laraia, Superior Court, judicial district of New Britain, Docket No. 9809-1696 (January 31, 2001, Tanzer, J.). "A written power of attorney constitutes a formal contract of agency and creates a principal-agent relationship. . . . The principal in such a relationship is bound by, and liable for, the acts which his agent does with or within the actual or apparent authority from the principal, and within the scope of the agent's employment." (Citation omitted; internal CT Page 9310 quotation marks omitted.) Bank of Montreal v. Gallo, 3 Conn. App. 268,273, 487 A.2d 1101, cert. denied, 195 Conn. 803, 491 A.2d 1104 (1985).
Moreover, "it is the general rule that a principal is responsible for damages resulting from the fraud of his agent committed during the existence of the agency and within the scope of the agent's actual or apparent authority, even though the principal does not know of the fraudulent acts." (Internal quotation marks omitted.) Lofthouse v. Krom, Superior Court, judicial district of New Haven at New Haven, Docket No. 056126 (July 21, 1999, Thompson, J.). Consequently, even if Beck can prove her allegations of fraud against Rutherford, Beck still has not asserted a legally sufficient special defense to the plaintiff's action. Accordingly, the plaintiff's motion to strike Beck's third special defense is hereby granted.
RESHA, J.