[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE SPECIAL DEFENSES (#122)
 FACTS
On January 2, 1998, the plaintiff, Monica Potts, was injured while snow tubing at the defendant, Powder Ridge Ski Area's, facility. On April 25, 2000, the plaintiff filed a second amended complaint alleging a count of negligence against the defendant, claiming that the defendant was negligent in (a) failing to properly instruct the plaintiff in the use of snow tubing; (b) failing to properly maintain or groom the facilities; CT Page 11599 (c) failing to properly warn the plaintiff of icy conditions; (d) failing to relocate the snow tube to a safer area on its facilities; (e) failing to shut down its facilities and (f) failing to offer helmets to its patrons. On June 26, 2000, the defendant filed an answer and four special defenses. On August 15, 2000, the plaintiff filed a motion to strike the second, third and fourth special defenses, which was granted on December 13, 2001, by the court, Hurely, J.[1]
On December 29, 2000, the defendant filed a motion to reargue, arguing that the parties did not have an opportunity to argue the motion initially and that the special defenses in fact applied to snow tubing and not just to skiing. The motion to reargue was granted by the court, Hurley, J., on January 2, 2001, and the court, McLachlan, J., heard oral argument on the motion to strike on April 16, 2001. Both parties have filed supplemental memorandums of law on the motion to strike.[2]
 DISCUSSION
"Whenever any party wishes to contest . . . (5) the legal sufficiency of any answer . . . or any part of that answer including any special defenses . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39. "The trial court recognized its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992). See also Barasso v. Rear Still Hill Road, L.L.C., 64 Conn. App. 9, 13, ___ A.2d ___ (2001).
The defendant's second special defense alleges that prior to engaging in the tubing activity the plaintiff signed a Release Form which stated; "I understand that there are inherent and other risks involved in snowtubing . . . I agree to hold harmless and indemnify Powder Ridge, White Water Mountain Resorts of Connecticut, Inc., and or any employee of the aforementioned for loss or damage, including any loss of injuries that result from damages related to the use of a snowtube or lift." (Answer and Special Defenses). The defendant argues that the second special defense is legally sufficient because the plaintiff released the defendant from any liability claimed by the plaintiff by signing the Release Form. The plaintiff argues that the Release Form does not apply to the negligent acts of the defendant as alleged in the complaint.
"The law does not favor contract provisions which relieve a person from his own negligence." Griffin v. Nationwide Moving Storage Co.,187 Conn. 405, 413, 446 A.2d 799 (1982). See also Mattegat v.Klopfenstein, 50 Conn. App. 97, 103, 717 A.2d 276 (1998). "Because CT Page 11600 releases from future damages caused by negligence are not favored, if possible, the contract will be construed not to confer this immunity." (Internal quotation marks omitted.) Malin v. White Water MountainResorts, Superior Court, judicial district of New Haven at New Haven, Docket No. 432774 (March 16, 2001, Blue, J.) (29 Conn. L. Rptr. 374). "The law disfavors exculpatory contracts because they tend to allow conduct below the acceptable level of care." (Internal quotation marks omitted.) Id.
The plaintiff in Malin v. White Water Mountain Resorts, supra, Docket No. 432774, signed the same exact Release Form as the plaintiff in the present case prior to tubing at Powder Ridge. The Malin court found that the form did not expressly release White Water from its own negligence. The court reasoned that "the form enumerates several "inherent' risks in snowtubing, but the negligence of White Water and its employees are not included in the list. . . . Although the form absolves White Water from the inherent risks of snowtubing, it fails to state that White Water's negligence is one of those inherent risks. Under these circumstances, the form does not absolve White Water of the negligence complained of in this case." Id.
This court agrees with the reasoning in Malin v. White Water MountainResorts, supra. The Release Form does not release the defendant from liability on the plaintiff's claim of negligence arising out of the defendant's or its employee's negligent conduct. Therefore, the motion to strike the second special defense is granted.
The third special defense alleges that the plaintiff purchased a ski lift ticket which included the following language: "I the user of this ticket, assume the risk of and legal responsibility for any injury to my person or property arising out of the hazards inherent in the sport of skiing. Such hazards include but are not limited to 1) variations in terrain of any trail or slope; 2) variations in snow or ice conditions; 3) variations caused by snow making, snow grooming or rescue operations; 4) bare spots; 5) lift towers; 6) trees or other objects both on and off the trail or slope; 7) use of ski lifts without knowledge of proper loading and unloading techniques by myself and others, and 8) collisions with any other person or object by any skier while skiing." The fourth special defense alleges that plaintiff's claim is barred by General Statues § 29-212.[3] The plaintiff argues that the third and fourth special defenses apply only to skiing and not to snow tubing.
As to the third special defense, the defendant argues that the language of the ticket releases the defendant from liability because the language is clear and unambiguous and does not offend public policy. "Exculpatory contracts receive careful judicial scrutiny. . . . unless the contract CT Page 11601 clearly, unequivocally, specifically, and unmistakably express[es] the parties intention to exculpate the [defendant] from liability resulting from its own negligence, the [contract] is insufficient for that purpose. . . . An obligation to indemnify a party against its own negligence will not be given effect in the absence of language which itself compels such a result." Malin v. White Water Mountain Resorts, supra. Plaintiff's claim against the defendant is based on negligence. The language of the ski ticket does not expressly indemnify a party against its own negligence. Furthermore, the language of the ski ticket relates solely to "skiing" and "the skier", and the plaintiff was neither. The ticket does not apply to snowtubing, the plaintiff or her claims and therefore, does not release the defendant from liability. Therefore, the motion to strike the third special defense is granted.
As to the fourth special defense, the plaintiff, in support of her argument that General Statues § 29-212 does not apply to snowtubing, cites to the legislative history, which indicates that the statute was to apply solely to alpine skiing.[4] The intent and application of the statute indicates that it applies exclusively to skiers. Furthermore, General Statues § 29-212 does not apply where "the injury was proximately caused by the negligent operation of the ski area" and plaintiff's claim is based upon the defendant's negligence. Therefore, the motion to strike the fourth special defense is granted.
 CONCLUSION
The plaintiff's motion to strike the defendant's second, third and fourth special defenses is granted.
McLachlan, J.