[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' REVISED MOTION TO STRIKE SPECIAL DEFENSES
The plaintiff has filed a Revised Motion to Strike the Special Defenses to this foreclosure action brought by plaintiff Anthony Barasso. The essence of the plaintiff's argument in the revised motion to strike is that the defendants' claimed defenses of, inter alia, partial payment, breach of good faith and fair dealing, and fraudulent inducement are legally insufficient defenses to a foreclosure action for the asserted reason that these defenses do not address the making, validity or enforcement of the mortgage and note.
In its opinion released on June 26, 2001, in this case, the Appellate Court overruled the trial court's order of July 30, 1999, which granted plaintiff's March 17, 1999, Motion to Strike similar special defenses.Barasso v. Rear Still Hill Road, LLC, 64 Conn. App. 9, 14 (2001). The defendant's appeal of the granting of the motion to strike was predicated upon its claim that an articulation of the bases for claimed legal insufficiency and the reasons therefor in a brief accompanying the motion to strike does not satisfy the provisions of Sections 10-41 that require that the specific reasons of insufficiency be articulated in the motion itself.
After reversing the trial court, the Appellate Court stated that ". . . the case is remanded with direction to deny the plaintiff's motion to strike and for further proceedings in accordance with law." Id. at 14.
Thereafter, rather than filing a subsequent pleading as required by Section 10-58 of the Connecticut Practice Book, the plaintiff filed the pending Revised Motion to Strike. The defendants object to the revised motion to strike on basically two grounds; namely, 1) that a revised motion to strike is not a subsequent pleading allowed by the Connecticut Practice Book, and 2) that their special defenses are proper ones.
The Practice Book sets out the order and the relatively short time frames for the filing of pleadings. See Practice Book sections 10-6; 10-8; and 10-58. This court agrees with the defendants that the Connecticut Practice Book discloses no subsequent pleading entitled Revised Motion to Strike and that these rules contemplate advancement and not refiling of prior pleadings. See Hartt v. Schwartz, 1994 WL 110005 (Hodgson, J. 1994).
 Rulings
A. Motion to Strike, dated March 17, 1999 (#118)
In accordance with the directive of the Appellate Court in this case, this court enters its order denying the plaintiff's Motion to Strike, CT Page 14794 dated March 17, 1999 (#118).
B. Revised Motion to Strike, dated June 25, 2001 (#125)
For the reason that a revised motion to strike is not contemplated in our rules of court, the court hereby denies the plaintiff's Revised Motion to Strike, dated June 25, 2001. (#125).
Clarance J. Jones, Judge