[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On May 17, 2001, the plaintiff, PG Construction Services, Inc., filed a complaint against the defendants Park Blue LLC, Michael Giglio, SOC Construction, Inc., and Northeast Rubberwall, Inc. According to the complaint, the action arises out of a contract between the plaintiff and SOC pursuant to which SOC was to erect a commercial building for Park Blue. SOC is the general contractor and Park Blue is the owner of the premises. The plaintiff and the other defendants are subcontractors. The plaintiff alleges the following facts in the complaint: the plaintiff CT Page 636 supplied labor and materials to SOC for use in the construction of the building for a period of six months. The plaintiff, along with Giglio, SOC, and Northeast Rubberwall all have recorded mechanics liens against the premises for the amount each is owed for services and materials.
On June 28, 2001, SOC filed a cross complaint against Park Blue. SOC alleges therein that it furnished materials and services for construction on Park Blue's premises pursuant to an agreement by or with the consent of Park Blue. SOC claims that it filed a mechanics lien on the premises to secure the unpaid balance it is owed for its services and materials. On August 20, 2001, Park Blue filed an answer, and four special defenses to SOC's cross complaint as well as a five count cross claim against SOC. On August 24, 2001, SOC filed this motion to strike Park Blue's third special defense entirely and part of its fourth special defense. On September 4, 2001, Park Blue filed an objection to the motion to strike.
"A party wanting to contest the legal sufficiency of a special defense may do so by filing a motion to strike." Barasso v. Rear Still Road,LLC, 64 Conn. App. 9, 13, 779 A.2d 198 (2001). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. DanaInvestment Corp., 249 Conn. 1, 17, 730 A.2d 1128 (1999).
"In . . . ruling on the . . . motion to strike, the trial court recognized its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v.Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992). "A motion to strike is properly granted if the [special defense] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
In its third special defense, Park Blue alleges that it is entitled to a set of f for the damages it incurred in the construction project. SOC moves to strike this special defense on the grounds that: 1) Park Blue fails to support its special defense with proper factual allegations; 2) a set off is not a special defense and must be pleaded separately; and 3) Park Blue has pleaded a five count cross claim concerning damages it incurred in the project and, to the extent that these are the same damages it refers to in the third special defense, the special defense is redundant. Park Blue makes no mention of its third special defense in its objection to the motion to strike.
"The fundamental purpose of a special defense, like other pleadings, is to apprize the court and opposing counsel of the issues to be tried, so CT Page 637 that basic issues are not concealed until the trial is underway." Bennettv. Automobile Insurance Co. of Hartford, 230 Conn. 795, 802, 646 A.2d 806
(1994). "The fact that in a special defense one must plead facts which are consistent with the allegations of the complaint does not relieve the defendants of the duty of providing the plaintiff with a plain and concise statement of the material facts on which they rely. It does not enable the defendants to incorporate the factual claims of the plaintiff without stating them. . . . Thus [where] no information is provided as to what actions or lack thereof the defendants rely on, a motion to strike is properly granted." (Internal quotation marks omitted.) Bank of NewYork v. Chimblo, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 173731 (June 21, 2000, Rodriguez, J.).
In its third special defense, Park Blue states only, "Park Blue is entitled to a set-off in the amount of its damages incurred at the Project". Park Blue has not provided any information as to what facts it is relying on to support this claim. The statement amounts to a legal conclusion that is unsupported by facts. Therefore, in accordance with the foregoing SOC's motion to strike Park Blue's third special defense is granted.
In its fourth special defense, Park Blue alleges that SOC cannot recover on its claim pursuant the doctrine of unclean hands because SOC billed for work it had not completed and "failed to pay its subcontractors for work which Park Blue made payments to SOC." SOC moves to strike the portion of this special defense which alleges that SOC "failed to pay its subcontractors for work which Park Blue made payments to SOC." In support of its motion, SOC argues that under Connecticut law, a subcontractor's right to a lien is based on subrogation and those rights are entirely derivative of the contractor's rights. SOC argues that if the owner of the premises alleges that it made all the payments to the general contractor that it was required to make under the contract, what the general contractor did with the monies after that payment is irrelevant to the owner's defense and should be stricken. SOC relies on Rene Dry Wall Co. v. Strawberry Hill Associates, 182 Conn. 568,573, 438 A.2d 774 (1980), wherein the court stated: "If . . . a general contractor receives progress payments that are not turned over to those who have done the work represented by the progress payments, and ultimately defaults entirely, the owner making such payments and completing such a job is protected as long as the owner acts in good faith and reasonably. . . ." In response, Park Blue argues that it has properly asserted a special defense of unclean hands. Park Blue contends that the fact that SOC did not pay its subcontractors but represented that it had done so, shows that SOC was not fair, equitable and honest in its dealings with Park Blue. CT Page 638
Contrary to SOC's claim, "A motion to strike is not the proper vehicle for elimination of irrelevant, immaterial or otherwise improper allegations. The proper vehicle would be a request to revise. . . . Practice Book § 10-35 provides in relevant part: `Whenever any party desires to obtain . . . the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleadings . . . the party . . . may file a timely request to revise that pleading.'" (Citation omitted.) Fenyes v.McMillan, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 362729 (March 10, 2000, Melville, J.)
Moreover, "[a]lthough there is a split of authority, most trial courts follow the rule that a single paragraph of a pleading is subject to a motion strike only when it attempts to set forth all of the essential allegations of a cause of action or defense. . . . [Olnly an entire count of a counterclaim or an entire special defense can be subject to a motion to strike, unless the individual paragraph embodies an entire cause of action or defense." (Internal quotation marks omitted.) Pinho v. Daly, Superior Court, judicial district of New Britain at New Britain, Docket No. 500895 (May 3, 2001, Shapiro, J.); see also
DeTullio v. Chebrah Bikur Cholim, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 334892 (March 25, 1997,West, J.) (motion to strike denied because subparagraphs of complaint challenged by motion to strike do not set forth a separate cause of action). Accordingly, SOC's motion to strike a portion of a sentence in Park Blue's fourth special defense is denied.
 _______________, J. THOMAS G. WEST