[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a wrongful death action instituted by the plaintiff, the administrator of Yan Yan Zhang, against the defendants, National Railroad Passenger Corporation and Metro-North Commuter Railroad Company (the defendants). The following facts are alleged in the complaint. On October 17, 1998, Zhang was gathering crabs along the banks of the Indian River in Milford, Connecticut. Zhang, along with another person, decided to move from the north bank of the river to the south bank. To accomplish this, Zhang proceeded across a nearby railroad trestle in a westerly direction. She was struck and killed by a train, allegedly managed and owned by the defendants, moving in an easterly direction across the trestle.
On August 2, 2000, the defendants submitted an answer along with two special defenses. On September 26, 2000, Zhang filed a motion to strike the special defense of preemption along with a supporting memorandum of law. On December 14, 2000, the defendants amended their answer and included an additional special defense. The first special defense averred comparative negligence on the part of Zhang. The second special defense asserted federal preemption of Zhang's cause of action. The third special defense alleged preemption of Zhang's claims pursuant to General Statutes CT Page 1626 § 52-557g. Zhang moved to strike the second special defense on the ground that there are no federal regulations covering railroad trestles.
Zhang argues that there is no federal law governing safety devices such as walkways and fencing along railroad trestles. The defendants respond that the Federal Railroad Safety Act of 1970, 45 U.S.C. § 20101 et. seq. (FRSA) bars the entirety of Zhang's complaint. The defendants specifically argue that the United States Supreme Court previously held that the FRSA preempts state law claims premised on excessive train speed. Defendant also argue that Zhang's claims are negatively preempted as to the absence of walkways and fencing along the trestle.
"A party wanting to contest the legal sufficiency of a special defense may do so by filing a motion to strike." Barasso v. Rear Still HillRoad, LLC, 64 Conn. App. 9, 13, ___ A.2d ___ (2001); Nowak v. Nowak,175 Conn. 112, 116, 394 A.2d 716 (1978). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Danbury v. Dana Investment Corp., 249 Conn. 1, 17,730 A.2d 1128 (1999); see also Practice Book § 10-50.[1] "In . . . ruling on the . . . motion to strike, the trial court recognize[s] its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas,221 Conn. 530, 536, 606 A.2d 684 (1992).
"Although there is a split of authority, most trial courts follow the rule that a single paragraph of a pleading is subject to a motion to strike only when it attempts to set forth all of the essential allegations of a cause of action or defense. . . . [O]nly an entire count of a counterclaim or an entire special defense can be subject to a motion to strike, unless the individual paragraph embodies an entire cause of action or defense." (Internal quotation marks omitted.) Pinho v. Daly,
Superior Court, judicial district of New Britain at New Britain, Docket No. 500895 (May 3, 2001, Shapiro, J.); Cain v. Destefano, Superior Court, judicial district of New Haven at New Haven, Docket No. 420347 (December 17, 1999, Zoarski, J.).
In the present case, Zhang contests the defendants' second special defense of preemption. The special defense consists of a single paragraph contesting the various claims of negligence set forth by Zhang. The validity of the preemption defense with respect to any one of the plaintiff's claims defeats the motion to strike in its entirety. This requires the court to assess each of the claims mentioned in the special defense and determine whether any of them are preempted by federal law. CT Page 1627
Preemption is recognized as a valid special defense in Connecticut. "In some circumstances preemption may be pleaded as a special defense when certain facts exist that show the cause of action or law is preempted by federal or state law." Buddington v. Sterling Winthrop Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 327296 (November 12, 1993) (Zoarski, J.); Azito v. Seguro, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 515242 (October 26, 1993) ("Preemption by federal law is a legally recognized defense to obligations based upon state law which it is claimed has been preempted").
 A. Preemption Doctrine
"A fundamental principle of the Constitution is that Congress has the power to preempt state law." U.S. Const., art. VI, cl. 2; Crosby v.National Foreign Trade Council, 530 U.S. 363, 372, 120 S.Ct. 2288,147 L.Ed.2d 352 (2000). Considerations of issues arising under the Supremacy Clause "start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." (Internal quotation marks omitted.) Medtronic, Inc. v. Lohr, 518 U.S. 470,485, 116 S.Ct, 2240,135 L.Ed.2d 700
(1996); Dowling v. Slotnik, 244 Conn. 781, 795, 712 A.2d 396, cert. denied, 525 U.S. 1017, 119 S.Ct. 542, 142 L.Ed.2d 451 (1998). Accordingly, "[t]he purpose of Congress is the ultimate touchstone in every pre-emption case." (Internal quotation marks omitted.) Medtronic, Inc. v. Lohr, supra, 518 U.S. 485.
"Pre-emption may be either expressed or implied, and is compelled whether Congress' command is explicitly stated in the statute's language or implicitly contained in its structure and purpose." (Internal quotation marks omitted.) Gade v. National Solid Wastes ManagementAssn., 505 U.S. 88, 98, 112 S.Ct. 2374, 120 L.Ed.2d 73 (1992). In the absence of explicit preemptive language, the United States Supreme Court recognizes at least two types of implied preemption. The first is field preemption, "where the scheme of federal regulation is so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it. . . ." (Internal citations omitted; internal quotation marks omitted.); Id. The second is titled conflict preemption, "where compliance with both federal and state regulations is a physical impossibility . . . or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." (Internal citations omitted; internal quotation marks omitted.) Id. In the event that the relevant federal law lacks an express preemptive directive, the court must consider whether the federal law's CT Page 1628 "structure and purpose, or nonspecific statutory language, nonetheless reveal a clear, but implicit, pre-emptive intent." (Internal quotation marks omitted.) Barnett Bank of Marion County. N.A. v. Nelson, 517 U.S. 25,31, 116 S.Ct. 1103, 134 L.Ed.2d 237 (1996).
There is also a less recognized form of preemption referred to as negative preemption. Federal preemption may occur in the following situation: "where a failure of . . . federal officers affirmatively to exercise their full authority takes on the character of a ruling that no such regulation is appropriate or approved pursuant to the policy of the statute; States are not permitted to use their police power to enact such a regulation." (Internal quotation marks omitted.) Ray v. AtlanticRichfield Co., 435 U.S. 151, 178, 98 S.Ct. 988, 55 L.Ed.2d 179 (1978);Arkansas Electric Cooperative Corp. v. Arkansas Public ServiceCommission, 461 U.S. 375, 384, 103 S.Ct. 1905, 76 L.Ed.2d 1 (1983) (holding that "a federal decision to forgo regulation in a given area may imply an authoritative federal determination that the area is best leftunregulated, and in that event would have as much preemptive force as a decision to regulate") (emphasis in the original).
The Supreme Court has delineated a standard in assessing the preemptive effect of federal legislation over state law. "To preempt state law, the federal regulation must cover the same subject matter, and not merely touch upon or relate to that subject matter." (Internal quotation marks omitted.) Norfolk Southern Railway Co. v. Shanklin, 529 U.S. 344, 352,120 S.Ct. 1467, 146 L.Ed.2d 374 (2000), rev'g and remanding Shanklin v.Norfolk Southern Railway, 173 F.3d 386 (6th Cir. 1999). "Thus, preemption will lie only if the federal regulations substantially subsume the subject matter of the relevant state law." (Internal quotation marks omitted.) Id.
 B. Defendants' Special Defense With Respect To Excessive Speed States A Legally Cognizable Defense
The United States Supreme Court held that federal regulations issued pursuant to the FRSA preempt state law regarding train operating speeds.CSX Transportation, Inc. v. Easterwood, 507 U.S. 658, 676,113 S.Ct. 1732,123 L.Ed.2d 387 (1993). The court found that 49 C.F.R. § 213.9
(a) explicitly addresses the maximum allowable operating speeds. Moreover, related safety regulations revealed that the speed limits were adopted only after the dangers posed by track conditions were taken into account. Id., 674. The Court noted that the overall context of the federal regulations preempt state regulation with respect to train velocity. Id. The defendants have asserted a legally cognizable defense CT Page 1629 and Zhang's motion to strike is denied.
 C. Defendants' Special Defense With Respect To Walkways Does Not State A Legally Cognizable Defense
The defendants' special defense asserts a negative preemption argument with respect to the Zhang's claim of inadequate walkways. Despite the United States Supreme Court's recognition of negative preemption, there is currently a split among the Circuit Courts of Appeal over whether compliance with the FRSA federal regulations preempts state law causes of action regarding inadequate walkways.[2]
The preemptive effect of the FRSA on state claims pertaining to inadequate walkways issue of first impression for Connecticut. Connecticut law, however, suggests that the courts proceed with caution when passing upon federal preemption claims. In Shea v. First FederalSavings Loan of New Haven, 184 Conn. 285, 439 A.2d 997 (1981), our Supreme Court opined: "in areas of coincidental federal and state regulation, United States Supreme Court decisions counsel restraint in seeking out conflicts where none clearly exist." (Emphasis added.) Sheav. First Federal Savings Loan of New Haven, 184 Conn. 285, 292,439 A.2d 997 (1981). "Absent persuasive reasons courts may not infer that federal regulation preempts state regulatory power." Id. The court went on to state that even "when federal law preempts state law it does so only to the extent necessary to achieve federal goals." Id.
In the present case, there is no clear congressional mandate preempting state causes of action alleging the failure to install or maintain adequate walkways on railroad trestles. The defendants, however, refer to the broad authority vested in the Secretary of Transportation to implement and administer the Act. (Defendants' Obj. p. 8).[3] Since the Secretary considered and ultimately decided against promulgating regulations on walkways, any subsequent state regulation is negatively preempted.[4] In other words, the Secretary's inaction constitutes congressional action and thus precludes Zhang in the instant case from raising a state wrongful death action.
The defendants' argument falls short when considered against prescribed caution articulated in Shea. There is no clear congressional directive to lead a state trial court to interpret the FRSA as a bar to plaintiff's state law claim. Moreover, there is an unresolved disagreement among the Circuit Courts of Appeal over whether the Secretary's decision not to promulgate regulations actually serves to preempt subsequent state regulation. Accordingly, the defendants' special defense is legally CT Page 1630 insufficient as to the claim of inadequate walkways.
 D. Defendants' Special Defense With Respect To Fencing Does Not State A Legally Sufficient Defense
The defendants similarly argue that Zhang's wrongful death action premised on inadequate fencing is negatively preempted by the FRSA. The defendants contend that the Federal Railway Administration declined to promulgate regulations, a decision of which constituted a federal act, thus preempting Zhang's state law claim.[5] Since there is no explicit congressional intent to preempt state law claims premised on inadequate fencing, the defendants fail to state a legally cognizable special defense with respect to fencing.
 CONCLUSION
The defendants' special defense is legally sufficient with respect to excessive speed. The claims of negligence regarding, however, the fencing and walkways are not preempted by federal law. There is no clear congressional directive to persuade a trial court to preclude a common law claim of wrongful death. Notwithstanding the impropriety of the defendants' special defense with respect to the fencing and walkways, Zhang's motion to strike is denied.
____________________ Howard F. Zoarski, Judge Trial Referee