[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE #101
The plaintiff is this action is Sean McGaugney.[1] The defendants are Fran-Mar Enterprises, LLC d/b/a Monroe Spirits Shop and Frank Raymond Fulup, permittee. The plaintiff alleges the following facts in his complaint. On or about December 22, 2000. The plaintiff was a passenger in a vehicle owned and operated by William Everett. Everett was operating the vehicle at a high rate of speed while under the influence of alcohol when he suddenly and without warning, drove the vehicle off the roadway and struck a tree. The plaintiff suffered serious injuries and damages. On December 22, 2000, prior to the accident, defendants sold alcohol to Everett, who was eighteen years old, while he was intoxicated. The accident and the plaintiff's injuries and losses were in consequence of Everett's intoxication.
The plaintiff filed a two count complaint on December 27, 2001, CT Page 9262 alleging that the defendants violated General Statutes § 30-102, the Dram Shop Act, in selling alcohol to an intoxicated person and that the defendants violated General Statutes § 30-86 in selling alcohol to a minor. The plaintiff alleges that the defendants knew or should have known of the state laws and regulations prohibiting the sale of alcohol to minors whether or not they are intoxicated at the time of purchase. The plaintiff alleges that the defendants knew or should have known that Everett was under 21 years of age at the time he purchased alcohol from them and that they failed to have Everett sign a statement representing that he was 21 years of age.[2] The plaintiff further alleges the defendants owed a duty to him as well as to the general public to refuse to sell alcohol to any and all minors, including Everett. The defendants' conduct in selling alcohol to Everett, wantonly and recklessly breached this duty and the collision and the resulting injuries to the plaintiff's decedent were caused by this breach.
The defendants filed a motion to strike count two of the plaintiff's complaint on the ground that the plaintiff fails to allege sufficient facts to establish a claim for wanton or reckless conduct by the defendants in its sale of alcohol to an intoxicated person. In their memorandum the defendant argues that the plaintiff's complaint lacks any allegations of fact that show how the defendants would have known that Everett was intoxicated or a minor. The defendant contends that the plaintiff's claims are conclusions of law and should be stricken. The plaintiff objects to the motion to strike on the basis that count two pertains to the sale of alcohol to a minor, not an intoxicated person.
Although the defendants contend that the second count of the plaintiff's complaint alleges a claim of reckless and wanton sale of alcohol to an intoxicated person, as detailed above, the plaintiff's second count is based upon the sale of alcohol to a minor, not sale of alcohol to an intoxicated person. In their memorandum, the defendants also assert that the plaintiff fails to allege facts sufficient to state a claim for a violation of the statute that pertains to the sale of alcohol to a minor, they do not specify this ground in their motion.
"Practice Book § 10-41 requires that a motion to strike raising a claim of insufficiency `shall distinctly specify the reason or reasons for each claimed insufficiency.' Motions to strike that do not specify the grounds of insufficiency are `fatally defective' and, absent a waiver by the party opposing the motion, should not be granted. . . . Our Supreme Court has stated "that a motion to strike that does not specify the grounds of insufficiency is fatally defective . . . and that Practice Book § [10-42], which requires a motion to strike to be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies, does not dispense with the requirement of CT Page 9263 [Practice Book § 10-41] that the reasons for the claimed pleading deficiency be specified in the motion itself." (Citations omitted.)Barasso v. Rear Still Hill Road, LLC, 64 Conn. App. 9, 13-14, 779 A.2d 198
(2001), citing Morris v. Hartford Courant Co., 200 Conn. 676, 683 n. 5,513 A.2d 66 (1986).
For the foregoing reason, the defendants' motion to strike count two of the plaintiff's amended complaint is denied.
GALLAGHER, J.