[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On December 26, 2001, the plaintiff, Mortgage Electronic Registration Systems, Inc., filed a foreclosure action against the defendant, Julio Dorcely. The plaintiff seeks to foreclose a mortgage securing a note on 28 William St., Greenwich, CT., property owned by the defendant. The plaintiff alleges that it holds the note and mortgage "by virtue of an [a]ssignment of [mortgage] to be recorded on the Greenwich [l]and [r]ecords. (Complaint, ¶ 4.) The plaintiff further alleges that the note is in default and that it has elected to accelerate the balance due on the note and foreclose the mortgage securing the note.
On May 1, 2002, the defendant filed an answer and four special defenses. His first special defense alleges that the plaintiff lacks standing to bring a foreclosure action because it has not recorded any document demonstrating the assignment of the mortgage and/or note from IndyMac Bank, FSB, to the plaintiff. The defendant's second special defense alleges that the mortgage was unconscionable. In his third special defense, the defendant alleges that the plaintiff breached its implied covenant of good faith and fair dealing, while in his fourth special defense the defendant alleges that the plaintiff breached its duty to mitigate.
The plaintiff challenges all four of the defendant's special defenses by filing the present motion to strike.
 "The purpose of a special defense is to plead facts that are consistent with the allegations
of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. DanaInvestment Corp., 249 Conn. 1, 17, 730 A.2d 1128 (1999); see also Practice Book § 10-50. The defendant has pleaded four special defenses. The plaintiff, however, contests the legal sufficiency of the defendant's special defenses by filing a motion to strike. CT Page 12027
"A party wanting to contest the legal sufficiency of a special defense may do so by filing a motion to strike." Barasso v. Rear Still HillRoad, LLC, 64 Conn. App. 9, 13, 779 A.2d 198 (2001); see also Practice Book 10-39(a). "A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court." (Internal quotation marks omitted.) Macomber v. TravelersProperty Casualty Corp., 261 Conn. 620, 629, ___ A.2d ___ (2002). "A motion to strike admits all facts well pleaded; it does not admitlegal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 588, 693 A.2d 293 (1997). When presented with a motion to strike special defenses, the court must "take the facts to be those alleged in the special defenses and . . . construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992). "[I]f the facts provable under its allegations would support a defense . . . the motion to strike must fail." (Internal quotation marks omitted.) Clohessy v. Bachelor, 237 Conn. 31, 33 n. 4,675 A.2d 852 (1996).
The plaintiff moves on the ground that the first special defense is legally insufficient because the defendant has failed to plead sufficient facts to support his allegation that the plaintiff lacks standing. Specifically, the plaintiff argues that it is not enough for the defendant to allege that the plaintiff has not recorded its assignment to show that the plaintiff does not have standing.
The defendant contends, however, that he need only allege that the plaintiff has not recorded its assignment to show the plaintiff does not have standing.
"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.)Webster Bank v. Zak, 259 Conn. 766, 774, 792 A.2d 66 (2002). "[T]he question of standing . . . implicates a court's subject matter jurisdiction, which may be raised at any point in judicial proceedings."Stamford Hospital v. Vega, 236 Conn. 646, 656, 674 A.2d 821 (1996). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Community Collaborative ofCT Page 12028Bridgeport, Inc. v. Ganim, 241 Conn. 546, 552, 698 A.2d 245 (1997). "It is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time." (Internal quotation marks omitted.) Kizis v. Morse Diesel International, Inc., 260 Conn. 46, 52,794 A.2d 498 (2002). Because the question of lack of jurisdiction must be resolved before proceeding with the case, it is submitted that the court should first address this issue of whether the plaintiff has standing to bring this action.
General Statutes § 47-10 provides in pertinent part that: "No conveyance shall be effectual to hold any land against any other person but the grantor and his heirs, unless recorded on the records of the town in which the land lies." "Because the wording of 47-10 has remained in essentially the same form since the 1800s, we may presume legislative acquiescence in our interpretation of the mortgage lien statute. [I]ts subsequent nonaction may be understood as a validation of that interpretation." (Internal quotation marks omitted.) Family FinancialServices, Inc. v. Spencer, 41 Conn. App. 754, 761, 677 A.2d 479 (1996). "Mortgages have always been regarded as conveyances of land within the meaning of the recording statute. . . . The assignment is in effect a conveyance of the land included in the mortgage. . . . That an assignment of a mortgage falls within the purview of the recording statute follows from the nature of such an instrument. . . ." (Internal quotation marks omitted.) Id.
The issue of whether a mortgage assignment must be recorded before a foreclosure action could be brought was addressed in Family FinancialServices, Inc. v. Spencer, supra, 41 Conn. App. 760. In that case, the plaintiff brought a foreclosure action against the defendant and the defendant, in turn, cited in third parties against whom the defendant brought a counterclaim. Id., 755. The trial court found that the third parties were the real makers of the mortgage. Id. Because an assignment of the mortgage to the plaintiff was never properly recorded, the trial court held that the plaintiff did not have standing to bring the foreclosure action. Id., 758. In affirming the trial court, the Appellate Court held that "the trial court properly found that § 47-10 applies to the purported assignment by the [third parties] to the plaintiff and that the assignment . . . needed to be recorded on the land records in order to be effective against the defendant." Id., 762.
In the present case, the plaintiff alleges in paragraph four of its complaint that the assignment is to be recorded on the Greenwich land records. Furthermore, attached to the complaint is a copy of a us pendens recorded on the Greenwich land records which also states that the assignment is to be recorded on the Greenwich land records. It is CT Page 12029 submitted that because the assignment of the mortgage was not filed when this foreclosure action was commenced, the plaintiff does not have standing to commence or maintain this cause of action, thereby depriving this court of subject matter jurisdiction.
For the foregoing reasons, the plaintiff's motion to strike the defendant's special defenses is denied.
HICKEY, J. CT Page 12030