[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' SPECIAL DEFENSES #116
On May 28, 2002, the plaintiff, Shirley Ferris, Commissioner of the Connecticut Department of Agriculture (department), commenced this action by filing a one-count complaint against the defendants, Anton Faford, Joan Glass, Richard Glass, Geoffrey Glass, Kern Nelson, Joan Piller and Timothy Faford. On September 19, 2002, the plaintiff filed a revised three-count complaint alleging Mamie Nahibowitz was the owner of 127.5 acres of farm land located at 96 Westford Road in Eastford, CT (subject property). In count one of the complaint, the plaintiff alleges that on March 26, 1993, Nahibowitz executed, by way of her will, that it was her intent that the subject property would be preserved as farm land. The plaintiff further alleges that Nahibowitz executed the "Farmland Preservation Application" and offered the subject property's developmental rights to the department.
On June 3, 1993, Nahibowitz allegedly executed a new will, thereby revoking all previous wills and codicils, that directed the executor of her estate to "sell all my real estate in Eastford, Connecticut, subject, however, to a restriction that said real estate may not be developed and may be used for only agricultural purposes." Nahibowitz, through her will, allegedly instructed that she did not "restrict the use of my home and lot not exceeding two (2) acres for such purposes, but direct that the farm land may not be developed. I instruct that the development rights either be sold and/or given to the State of Connecticut, and/or Conservation Trust, or that the deed by which conveyance is made otherwise restricts the use of said property for agricultural purposes in accordance with the intent of this provision."
On February 19, 1998, Nahibowitz died. The plaintiff alleges that Anton Faford fraudulently submitted the October 27, 1973 will of Nahibowitz ("the 1973 will") to the Probate Court which devised that the subject property would be divided into proportions and then distributed to the CT Page 3643 defendants. The plaintiff further alleges that the 1973 will does not contain the restriction pertaining to the subject property that it was Nahibowitz's intent that the subject property would remain farm land. Subsequently, the 1973 will was admitted to probate and the Probate Court ordered that the subject property be divided into proportions and distributed to the defendants.
In count two of the revised complaint, the plaintiff incorporates paragraphs 1-16, 18 and 19 of count one and alleges that Anton Faford negligently submitted that 1973 will to the Probate Court. The plaintiff further alleges that due to the negligence of Anton Faford, the subject property was divided and distributed to the defendants. In count three of the revised complaint, the plaintiff incorporates paragraphs 1-16, 18 and 19 of count one and alleges that Anton Faford, by way of mistake, submitted the 1973 will to the Probate Court that resulted in the subject property to be divided and distributed to the defendants.
On October 30, 2002, the defendants filed their answer to the plaintiff's three-count revised complaint. On November 6, 2002, the defendants filed their special defenses alleging as to each count of the plaintiff's revised complaint that the actions of the Probate Court in its administration of Nahibowitz's will are conclusive and not subject to attack pursuant to General Statutes § 45a-186.[1] On November 7, 2002, the plaintiff filed a motion to strike the defendants' special defenses. On November 19, 2002, the defendants filed a memorandum in opposition to the plaintiff's motion to strike.
 DISCUSSION
"A party wanting to contest the legal sufficiency of a special defense may do so by filing a motion to strike. The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action . . . In ruling on a motion to strike, the court must accept as true the facts alleged in the special defenses and construe them in the manner most favorable to sustaining their legal sufficiency." (Citations omitted; internal quotation marks omitted.) Barasso v. Rear Still HillRoad, LLC, 64 Conn. App. 9, 13, 779 A.2d 198 (2001).
The plaintiff moves to strike the defendants' special defenses on two grounds. First the plaintiff moves to have the defendants' special defenses stricken on the ground that they were not filed properly pursuant to Practice Book § 10-6.[2] Specifically, the plaintiff argues that because the defendants did not file their special defenses with their answer then they have waived the right to file in a CT Page 3644 supplementary pleading. Second, the plaintiff moves to have the defendants' special defenses stricken on the ground that they are legally insufficient because § 45a-186 is inapplicable to the present action. Specifically, the plaintiff argues that the Superior Courts have the power to set aside probate decrees if obtained through mistake or fraud. It is the plaintiff's contention that this action is not an appeal from Probate Court but a separate proceeding concerning Anton Faford's actions, either through fraud, negligence or by mistake, in the filing of a revoked will that favored the defendants' interests.
The defendants argue in opposition that, pursuant to Practice Book § 10-7, it is within the court's discretion to allow parties to file pleadings outside the order required by the Practice Book § 10-6. It is the defendants' contention that they filed their special defenses days after they filed their answer and, accordingly, the court should take that into account and not strike their special defenses. Furthermore, the defendants note that General Statutes § 45a-24 subjects a Probate Court's decree to attack if the decree was obtained through fraud. The defendants argue that in counts two and three of the revised complaint the plaintiff does not allege fraud but instead alleges negligence and mistake and, therefore, § 45a-186 is applicable and the Probate Court's decree is both conclusive and not subject to attack.
General Statutes § 45a-24 provides in relevant part: "All orders, judgments and decrees of courts of probate, rendered after notice and from which no appeal is taken, shall be conclusive and shall be entitled to full faith, credit and validity and shall not be subject to collateral attack, except for fraud." In count one of the revised complaint, the plaintiff alleges that Anton Faford fraudulently submitted the 1973 will to the Probate Court. Accordingly, the Probate Court's decree is subject to attack, pursuant to § 45a-24, because the plaintiff has alleged fraud. Section 45a-186 is inapplicable as to count one of the revised complaint and, therefore, the plaintiff's motion to strike the defendants' first special defense is granted.
"The Superior Court, in equitable proceedings, has the power to grant relief against probate judgments only if it concludes that the probate decree attacked is, or at least should be treated as, void because of fraud, mistake or a like equitable ground. (Internal quotation marks omitted.) Dunham v. Dunham, 204 Conn. 303, 328, 528 A.2d 1123 (1987), overruled in part on other grounds, Santopietro v. New Haven,239 Conn. 207, 213 n. 8, 682 A.2d 106 (1996). "Exceptional circumstances may exist in which the court will consider an equitable attack on a probate order or decree . . . The Superior Court may, in proper cases, grant relief against decrees of the Probate Court procured by fraud, CT Page 3645 accident, mistake and the like." (Citations omitted; internal quotation marks omitted.) Hunt v. Dubno, 1 Conn. App. 529, 534, 473 A.2d 1235
(1984).
The defendants allege in their special defenses as to counts two and three of the revised complaint that the Probate Court's decree is conclusive and not subject to attack, pursuant to § 45a-186. In count two of the revised complaint, the plaintiff alleges that Anton Faford negligently submitted a revoked will to the Probate Court. In count three of the revised complaint, the plaintiff alleges that Anton Faford, by way of mistake, submitted a revoked will to the Probate Court. As previously stated, the Superior Courts have the power to grant equitable relief in regards to a probate decree when it was acquired by mistake or accident. Wherefore, because the plaintiff alleged that through the actions of Anton Faford, either by mistake or in negligence, the Probate Court issued a decree regarding a revoked will, then the Superior Court has the power to grant equitable relief concerning the Probate Court's judgment. Section 45a-186 is inapplicable as to counts two and three because the plaintiff alleges that Probate Court's judgment regarding Nahibowitz's will was allegedly obtained through negligence or by mistake and, therefore, would be subject to attack. Accordingly, the plaintiff's motion to strike the defendants' special defenses as to counts two and three of the revised complaint is granted.
 ORDER
The plaintiff's motion to strike the defendants' special defenses is granted.
Foley, J.