[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE #118
On January 8, 2002, the plaintiff, Richard Eberl, filed an action against the defendants Lawrence Memorial Hospital ("Hospital"), Gregory Young, Nicole Gomes, and Brett Mahoney[1] seeking damages in assault and battery, intentional infliction of emotional distress, and civil conspiracy.
The plaintiff alleges the following facts in his revised complaint, filed on May 3, 2002. On December 16, 1998, the plaintiff was on the premises of the defendant Hospital, where the individual defendants allegedly held the plaintiff down while extracting a blood sample. The plaintiff alleges that the extraction occurred by means of "repeated stabbing with a needle." Count 1, ¶ 2. The plaintiff alleges that the extraction was non-consensual, and that he "vehemently objected to it." Count 1, ¶ 3.
Counts four, five, and seven of the revised complaint are at issue in this motion. Count four alleges intentional infliction of emotional distress as against Mr. Young. Count five also alleges intentional infliction of emotional distress as against Ms. Gomes. Count seven alleges civil conspiracy against Mr. Young, Ms. Gomes, Mr. Mahoney, and the Hospital.
On June 19, 2002, the defendants, Lawrence Memorial Hospital, Mr. Young, and Ms. Gomes, moved to strike counts four, five, and seven for failure to state legally sufficient claims of intentional infliction of emotional distress and civil conspiracy. The defendants attached a memorandum of law in support of its motion. On July 29, 2002, the plaintiff filed a memorandum of law in opposition to the motion to strike.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal CT Page 3303 sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v.Police Commission, 182 Conn. 138, 140, 438 A.2d 27 (1980). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245,260, 765 A.2d 505 (2001). "The court must construe the facts in the complaint most favorable to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp. , 240 Conn. 576, 580,693 A.2d 293 (1997).
"Practice Book § 10-41 requires that a motion to strike raising a claim of insufficiency shall distinctly specify the reason or reasons for each such claimed insufficiency . . . Our Supreme Court has stated that a motion to strike that does not specify the grounds of insufficiency is fatally defective." (Citations omitted; internal quotation marks omitted.) Barasso v. Rear Still Hill Road, LLC, 64 Conn. App. 9, 13,779 A.2d 198 (2001). However, where the plaintiff does not object to the form of the motion to strike, and because Practice Book § 10-41 is not jurisdictional in nature, the motion may be considered by the trial court. Morris v. Hartford Courant Co., 200 Conn. 676, 683 n. 5, 513 A.2d 66
(1986).
Counts Four and Five: Intentional Infliction of Emotional Distress
Count four of the plaintiff's complaint alleges that Mr. Young "forcibly held the plaintiff down and extracted blood form [sic] his person by means of repeated stabbing with a needle, thus willfully, maliciously, and wantonly assaulting him." Count four, ¶ 2. Count four further alleges that the conduct alleged was performed without the plaintiff's consent, was "extreme and outrageous," and as a result of this conduct, Mr. Young "intentionally inflicted severe emotional distress upon the plaintiff." Count four, ¶¶ 3, 4 and 5. Count five of the revised complaint makes identical allegations as against Mr. Gomes.
In their memorandum of law in support of the motion to strike, the defendants argue that the allegations made in counts four and five do not constitute extreme and outrageous conduct. In addition, the defendants note that any claims for assault or battery as against the individual defendants made in counts four and five are contained in the first and second counts, but make no further argument, nor cite any case law to CT Page 3304 support this assertion as an appropriate ground for a motion to strike. In his memorandum in opposition to the motion to strike, the plaintiff argues that the pleadings, if accepted as true, sufficiently allege all four elements of intentional infliction of emotional distress against the two individual defendants.
"In order for the plaintiff to prevail in a case for liability under . . . [intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.)Appleton v. Board of Education, 254 Conn. 205, 210, 757 A.2d 1059 (2000). The conduct complained of must exceed "all bounds usually tolerated by decent society," and must be "of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." Petyanv. Ellis, 200 Conn. 243, 254 n. 5, 510 A.2d 1337 (1986).
The defendants have limited their argument to the sufficiency of the second element of a claim for intentional infliction of emotional distress, and argue that the plaintiff has not pled sufficient facts to show extreme and outrageous conduct. In ruling on a motion to strike, a court is limited to considering the grounds specified in the motion.Meredith v. Police Commission, supra, 182 Conn. 140. The plaintiff's complaint contains specific allegations as to the conduct of the individual defendants. The complaint alleges "repeated stabbing" that constituted an assault. Count four, ¶ 2. The plaintiff alleges that this conduct was extreme and outrageous. Count four, ¶ 4. This court must consider the facts alleged in the complaint as admitted, Gazo v.Stamford, supra, 255 Conn. 260, and must construe those facts in the light most favorable to the plaintiff. Faulkner v. United TechnologiesCorp. , supra, 240 Conn. 580. The plaintiff has sufficiently alleged extreme and outrageous conduct as an element of intentional infliction of emotional distress. Accordingly, the defendants' motion to strike counts four and five is denied.
 Count Seven: Civil Conspiracy
Count seven of the revised complaint alleges that all of the individual defendants "forcibly held [the plaintiff] down in disregard of the plaintiff's specific instructions to the contrary, [and] extracted blood from the plaintiff," and that at the time of the acts alleged, Mr. Young and Ms. Gomes were acting as agents of the Hospital. Count seven, ¶¶ CT Page 3305 2 and 3. The count further alleges that tests were done to determine the plaintiff's blood alcohol content, and based on the results of those tests, the plaintiff was charged with motor vehicle and criminal offenses.
The defendants move to strike count seven of the revised complaint for failure to state a legally sufficient claim for civil conspiracy. In their memorandum of law in support of the motion to strike, the defendants argue that the plaintiff did not allege that the defendants committed a criminal or unlawful act, and did not allege that the defendants conspired to commit any criminal or unlawful act. In his memorandum of law in opposition to the motion to strike, the plaintiff argues that the allegation of conspiracy is implied in count seven when the allegations are taken as a whole.
"In order to survive a motion to strike a civil conspiracy count, [a plaintiff] must properly allege: (1) a combination between two or more persons, (2) to do a criminal or an unlawful act or a lawful act by criminal or unlawful means, (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, (4) which act results in damage to the plaintiff." (Internal quotation marks omitted.) Macomber v. Travelers Property Casualty Corp. ,261 Conn. 620, 647, 804 A.2d 180 (2002). On a motion to strike, all well-pleaded facts as well as those facts implied from the allegations are taken as admitted. Gazo v. Stamford, supra, 255 Conn. 260. The facts are to be construed in the light most favorable to the plaintiff.Faulkner v. United Technolocies Corp. , supra, 240 Conn. 580.
The plaintiff's complaint does not contain any allegations regarding a scheme or any acts performed by one of the conspirators in furtherance of that scheme, nor does the complaint contain any facts that would imply the defendants were involved in a common scheme, as required underMacomber v. Travelers Property Casualty, supra, 261 Conn. 647. By failing to allege that any of the acts of the defendants were in furtherance of a collective plan or scheme, the plaintiff has not sufficiently alleged civil conspiracy. Accordingly, this court grants the defendant's motion to strike as to count seven of the revised complaint.
 CONCLUSION
The plaintiff has sufficiently pled the elements of intentional infliction of emotional distress, thus, this court denies the defendant's motion to strike counts four and five for failure to state a legally sufficient claim. The plaintiff has not sufficiently pled the elements of civil conspiracy, thus, this court grants the defendant's motion to CT Page 3306 strike count seven for failure to state a legally sufficient claim.
D. Michael Hurley, JTR