## AURIC ANSWERING SERVICE, INC. *v.* GLENAYRE ELECTRONICS, INC., ET AL.
### (AC 17597)

O'Connell, C. J., and Schaller and Spear, Js.

Argued March 2—officially released June 29, 1999

*Alexander Scheirer*, for the appellant (plaintiff).

*Laura Gold Becker*, for the appellee (defendant Lease Acceptance Corporation).

*Opinion*

PER CURIAM. The plaintiff appeals from the summary judgment rendered in favor of the defendant Lease Acceptance Corporation on the second and fourth counts of the plaintiff's second revised complaint.[1] The plaintiff claims that the trial court improperly (1) failed to recognize material issues of fact and (2) tried one of several issues of fact instead of simply determining whether any issues of fact existed. We affirm the judgment of the trial court.

---

[1] The second and fourth counts of the plaintiff's second revised complaint alleged, inter alia, that Lease Acceptance Corporation was the agent for Glenayre Electronics, Inc., for providing leasing terms and conditions of telephone switching equipment leased by the plaintiff, and that Lease Acceptance Corporation wrongly deprived the plaintiff of its contractual right to purchase certain equipment for the lease end payoff price in accordance with the lease agreement.

This case involves a contract dispute between the parties. On May 27, 1997, the defendant Lease Acceptance Corporation filed a motion for summary judgment accompanied by a memorandum of law and supporting affidavit. The plaintiff responded with an objection, memorandum of law and supporting affidavit. The trial court held a hearing on August 4, 1997, at the conclusion of which the court wrote on page two of the motion, "Granted only as to summary judgment."[2]

When the appeal was heard before this court on March 2, 1999, the record before us did not contain either a written memorandum of decision or a transcribed copy of an oral decision, signed by the trial court, stating its reasons for granting the motion for summary judgment. See Practice Book § 64-1. Further, the plaintiff never sought to have the trial court articulate the basis on which it granted summary judgment. Id. The word "Granted" does not tell us anything concerning the trial court's conclusions of law or why the trial court concluded that no genuine issue of material fact existed. "The duty to provide [the Appellate Court] with a record adequate for review rests with the appellant." *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 607, 710 A.2d 190 (1998). This court has frequently declined to review claims where the appellant has failed to provide us with an adequate record for review. See id., 609; *Emigrant Savings Bank* v. *Erickson*, 46 Conn. App. 51, 53–54, 696 A.2d 1057, cert. denied, 243 Conn. 921, 701 A.2d 341 (1997).

Twenty-two days after the appellate hearing, the plaintiff filed a transcript of the entire trial court proceedings with this court.[3] The transcript was signed by

[2] The words "only as to summary judgment" were apparently intended to mean that the trial court was not granting the defendant its requested attorney's fees.

[3] The appellant has not provided any authority for the submission of such material after conclusion of the appellate hearing and without an opportunity for the opposing party properly to respond.

the administrative judge for the judicial district of New Haven.[4] Practice Book § 64-1 (a) provides that if the decision of the trial court is oral, and if there is an appeal, "the trial court shall create a memorandum of decision for use in the appeal by ordering a transcript of *the portion of the proceedings in which it stated its oral decision* [which portion] shall be signed by the trial judge . . . ." (Emphasis added.) The official commentary to Practice Book § 64-1 makes it clear that the rule was not intended as authority for the trial judge to sign an entire transcript of a proceeding and submit the signed transcript in lieu of a written decision. The commentary further emphasizes that "the mere 'autographing' of the transcript of a proceeding is not what is contemplated by the rule."

Just as the word "Granted" does not tell us anything concerning the trial court's conclusions of law, a forty-two page autographed colloquy between the trial court and trial counsel is likewise inadequate. In this case, the record is inadequate for review because we have not been provided with either a written memorandum of decision or a transcribed copy of an oral decision, signed by the trial court, stating its reasons for granting summary judgment. Because the plaintiff has not provided us with an adequate record for review, we decline to review this claim. *State* v. *Anderson,* 209 Conn. 622, 633, 533 A.2d 589 (1989).

The judgment is affirmed.

---

[4] The trial judge who presided over this case had left office by the time of the Appellate Court hearing. It is not necessary, however, that we decide the effect, if any, of the administrative judge's signature, because even the signature of the original trial judge on the entire transcript would not have satisfied Practice Book § 64-1.