EDMUND BRAGDON ET AL. *v.* WILLIAM
SWEET ET AL.
(AC 27607)

Schaller, DiPentima and Harper, Js.

Submitted on briefs February 9—officially released July 17, 2007

*John J. Ghidini III* filed a brief for the appellant (named plaintiff).

*William J. Melley III* filed a brief for the appellee (defendant Travelers Property Casualty Insurance Company).

HARPER, J. This appeal involves an action by the plaintiff Edmund Bragdon[1] to collect benefits under his employer's underinsured motorist insurance policy with the defendant Travelers Property Casualty Insurance Company.[2] The trial court rendered summary judgment after concluding that the plaintiff could not avail himself of General Statutes § 38a-336 (f),[3] the underinsured motorist exception to the workers' compensation exclusivity provision contained in General Statutes § 31-284 (a).[4] On appeal, the plaintiff claims that the court improperly determined that (1) his employer's underinsured motorist policy with the defendant did not provide him with additional remedies beyond those delineated in the Workers' Compensation Act, General Statutes § 31-275 et seq. (act), and (2) he was not "injured while occupying a covered motor vehicle," as required to qualify for the underinsured motorist excep-

---

[1] George Bunnell is also a plaintiff in the action; however, he is not a party to this appeal. We therefore refer in this opinion to Bragdon as the plaintiff.

[2] Besides Travelers, the original complaint named the following individuals and corporate entities as defendants: William Sweet, Prudential Property and Casualty Insurance Company, Progressive Casualty Insurance Company, James Radgowski, Helen Rajewski and Paul Botchis. This appeal involves only the summary judgment rendered in favor of Travelers. Accordingly, we refer in this opinion to Travelers as the defendant.

[3] General Statutes § 38a-336 (f) provides: "Notwithstanding subsection (a) of section 31-284, an employee of a named insured injured while occupying a covered motor vehicle in the course of employment shall be covered by such insured's otherwise applicable uninsured and underinsured motorist coverage."

[4] General Statutes § 31-284 (a) provides in relevant part: "An employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . . but an employer shall secure compensation for his employees as provided under this chapter . . . . All rights and claims between an employer who complies with the requirements of subsection (b) of this section and employees . . . arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter . . . ."

tion to § 31-284 (a). We affirm the judgment of the trial court.

The record reveals the following undisputed facts. The plaintiff is an employee of Bragdon Auto Towing, LLC (company), a corporate entity that is wholly owned by the plaintiff's brother, Keith Bragdon. On or about January 21, 2001, the plaintiff was injured as a result of being struck by a motor vehicle operated by William Sweet. At the time of the collision, the plaintiff was loosening sand in a sander attached to the back of a truck owned by George Bunnell.

Because the accident occurred during the course of the plaintiff's employment with the company, the plaintiff received workers' compensation benefits in addition to compensation from Sweet's insurance carrier. On February 7, 2003, the plaintiff filed a seven count complaint, of which only the fourth count is at issue.[5] In the fourth count, the plaintiff alleged that the amounts received from Sweet's insurance carrier were insufficient to compensate him fully for the injuries sustained in the accident. As a consequence, he alleged that he was entitled to recover under the terms of the underinsured motorist policy issued by the defendant to the company. The defendant subsequently moved for summary judgment on the ground that the plaintiff's claim did not fall within the parameters of § 38a-336 (f) and was therefore barred by the workers' compensation exclusivity provision contained in § 31-284 (a). In a memorandum of decision issued on March 2, 2006, the court agreed with the defendant and, accordingly, rendered summary judgment in its favor. This appeal followed.

"The standards governing our review of a trial court's decision to grant a motion for summary judgment are

---

[5] The other six counts of the complaint were not directed toward the defendant.

well established. Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . .

"On appeal, [this court] must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Pepitone* v. *Serman*, 69 Conn. App. 614, 618, 794 A.2d 1136 (2002). Because the trial court rendered judgment for the defendant as a matter of law, our review is plenary and we must decide whether the trial court's conclusions are legally and logically correct and find support in the facts that appear in the record. See id.

I

The plaintiff first argues that there is a genuine issue as to whether the underinsured motorist policy represented an agreement between himself and the company to provide him with additional remedies beyond those established under the act.[6] We conclude that the trial court never ruled on the merits of this claim and therefore, we decline to afford it review.

[6] Specifically, the plaintiff relies on the statement in General Statutes § 31-284 (a) that "nothing in this section shall prohibit any employee from securing, by agreement with his employer, additional compensation from his employer for the injury or from enforcing any agreement for additional compensation."

The record reveals that the plaintiff raised this issue in his memorandum of law in opposition to the defendant's motion for summary judgment. The court, however, never addressed this argument in its memorandum of decision. Instead, it appears that the court rendered summary judgment solely on the ground that the plaintiff could not satisfy the requirements of § 38a-336 (f) and was therefore barred by § 31-284 (a) from seeking recovery under his employer's underinsured motorist policy.

As the plaintiff notes in his brief, it is unclear from the memorandum of decision whether the court failed to consider his argument or merely rejected it without comment. Yet, it was the plaintiff's duty to clarify the reason for the omission by filing a motion for articulation. See Practice Book § 66-5. As this court has stated previously, "[a]n articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification. . . . An articulation may be necessary where the trial court fails completely to state any basis for its decision . . . or where the basis, although stated, is unclear." (Citation omitted; internal quotation marks omitted.) *Fantasia* v. *Milford Fastening Systems*, 86 Conn. App. 270, 283, 860 A.2d 779 (2004), cert. denied, 272 Conn. 919, 866 A.2d 1286 (2005). It is well settled that "[t]his court is not bound to consider claimed errors unless it appears on the record that the question was distinctly raised . . . and was ruled upon and decided by the [trial] court adversely to the appellant's claim." (Internal quotation marks omitted.) *Durkin Village Plainville, LLC* v. *Cunningham*, 97 Conn. App. 640, 642 n.1, 905 A.2d 1256 (2006); see also Practice Book § 60-5. Furthermore, "[i]t is the responsibility of the appellant to provide an adequate record for review. . . ." Practice Book § 61-10.

In this case, the plaintiff has failed to satisfy his burden. Accordingly, we decline to review his claim. See

*Manifold* v. *Ragaglia*, 94 Conn. App. 103, 125, 891 A.2d 106 (2006) ("[w]here the trial court's decision is ambiguous, unclear or *incomplete*, an appellant must seek an articulation . . . or this court will not review the claim" [emphasis in original; internal quotation marks omitted]); *Auric Answering Service, Inc.* v. *Glenayre Electronics, Inc.*, 54 Conn. App. 86, 88, 733 A.2d 307, cert. denied, 250 Conn. 926, 738 A.2d 653 (1999).

## II

The plaintiff next claims that his case falls within the parameters of § 38a-336 (f) because he was "injured while occupying a covered motor vehicle . . . ." General Statutes § 38a-336 (f). Specifically, the plaintiff relies on the policy's extension of underinsured motorist coverage to anyone "occupying a covered 'auto' or a temporary substitute for a covered 'auto.' " With regard to that language, the plaintiff argues that touching the sander on the back of Bunnell's truck qualifies as "occupying" the truck. Furthermore, the plaintiff claims that there is a genuine issue of material fact as to whether Bunnell's truck was a "temporary substitute for a covered 'auto' " under the policy and could therefore be considered a "covered motor vehicle" within the meaning of § 38a-336 (f). We need not examine whether the plaintiff was "occupying" the truck because we conclude that his argument concerning the truck's status as a "covered motor vehicle" has been raised for the first time on appeal.

The following additional facts are necessary to our resolution of the plaintiff's claim. In support of its motion for summary judgment, the defendant supplied the court with a copy of the insurance policy that it issued to the company. Included within the policy was a section entitled, "Item Three: Schedule of Covered Autos You Own." Under that heading, the policy listed

the year, make, model and vehicle identification numbers of three motor vehicles. Presumably on the basis of this section of the policy, the court determined that it was "an undisputed fact on the record that [the plaintiff] was not in physical contact with a vehicle insured under the Travelers' insurance policy issued to [the company]." The court never considered whether, as a factual matter, Bunnell's truck might qualify as a "temporary substitute for a covered 'auto' " and therefore, trigger coverage directly under the policy. After reviewing the record, it is apparent that the court never addressed that claim because the plaintiff failed to bring it to the court's attention.

"It is well settled that the trial court can be expected to rule only on those matters that are put before it. . . . With only a few exceptions . . . we will not decide an appeal on an issue that was not raised before the trial court. . . . To review claims articulated for the first time on appeal and not raised before the trial court would be nothing more than a trial by ambuscade of the trial judge." (Internal quotation marks omitted.) *Lawton* v. *Weiner*, 91 Conn. App. 698, 709 n.7, 882 A.2d 151 (2005). In this case, the plaintiff is arguing for the first time on appeal that he was injured while occupying a "temporary substitute vehicle" under the policy. Furthermore, he has not sought review under any doctrine by which we may reach issues that were not brought to the attention of the trial court. As a consequence, we decline to address this claim in accordance with the long-standing rule that this court will not review arguments that were never raised before the trial court.

The judgment is affirmed.

In this opinion the other judges concurred.