CITIBANK (SOUTH DAKOTA), N.A. *v.*
LESLIE T. MANGER
(AC 27773)

DiPentima, Harper and Foti, Js.

Submitted on briefs November 15, 2007—officially released February 12, 2008

*Christopher G. Winans* filed a brief for the appellant (defendant).

*Donald E. Frechette* and *Joseph R. Geoghegan* filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Leslie T. Manger, appeals from the summary judgment rendered by the trial court in favor of the plaintiff, Citibank (South Dakota), N.A. The defendant claims that the court applied an improper summary judgment standard and improperly failed to recuse itself after exhibiting bias toward the defendant at oral argument.[1] We affirm the judgment of the trial court.

The following facts are not contested by the defendant. Prior to the commencement of this litigation, the

---

[1] We decline to review the defendant's second claim because "[i]t is a well settled general rule that courts will not review a claim of judicial bias on appeal unless that claim was properly presented to the trial court via a motion for disqualification or a motion for mistrial"; *Gillis* v. *Gillis*, 214 Conn. 336, 343, 572 A.2d 323 (1990); which the defendant failed to do.

defendant obtained an AT&T Universal credit card account from the plaintiff. The defendant subsequently accrued a balance of $12,777.29 on the account. Although the defendant made payments on this balance for a time, the balance eventually grew to $19,501.32. The plaintiff sent the defendant monthly statements evidencing the balance due. Prior to the commencement of this lawsuit, the defendant did not dispute the balance due listed on any of these statements. After the defendant failed to make payments in accordance with the credit card agreement, the plaintiff commenced this lawsuit sounding in account stated. The plaintiff thereafter filed a motion for summary judgment, which was supported by an affidavit alleging the foregoing facts. Although the defendant filed an objection to the plaintiff's motion, the objection was not supported by an affidavit or other evidence. The court granted the plaintiff's motion and thereafter rendered judgment in the amount of $19,501.32. This appeal followed.

The defendant's primary claim on appeal is that the court improperly granted the plaintiff's motion for summary judgment because the plaintiff failed to demonstrate the nonexistence of a genuine issue as to each and every fact alleged in its complaint.

The defendant first argues that the corporate identity of the plaintiff and the residence of the defendant remain in dispute. The defendant has misconstrued our standard for summary judgment in making this argument. "Practice Book [§17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Bragdon* v. *Sweet*, 102 Conn. App. 600, 604, 925 A.2d 1226 (2007). "Although facts may be in dispute, the disputed facts must be

material. That is, the facts must satisfy the elements [of the alleged cause of action]." *Carnemolla* v. *Walsh*, 75 Conn. App. 319, 323–24, 815 A.2d 1251, cert. denied, 263 Conn. 913, 821 A.2d 768 (2003). Neither the identity of the plaintiff nor the residence of the defendant are material, as they are not elements of a cause of action based on an account stated[2] and, thus, were not relevant for the plaintiff to prevail on its motion for summary judgment.[3]

The defendant next argues that a genuine issue of material fact existed as to the plaintiff's allegation that "the [defendant] was extended credit." On appeal from the granting of a motion for summary judgment, "[w]e must decide whether the trial court [incorrectly determined] that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Because the trial court rendered judgment . . . as a matter of law, our review is plenary and we must decide whether the trial court's conclusions are legally and logically correct and find support in the facts that appear in the record." (Citation omitted; internal quotation marks omitted.) *Hebrew Home & Hospital, Inc.* v. *Brewer*, 92 Conn. App. 762, 766, 886 A.2d 1248 (2005).

Contrary to the defendant's contention, the court in its ruling on the plaintiff's motion for summary judgment concluded that no genuine issue of fact existed as to the averment in the plaintiff's affidavit, submitted

---

[2] "The delivery by the [creditor] to the [debtor] of each statement of the latter's account, with the [documentation] upon which the charges against [the debtor's account] were based, [is] a rendition of the account so that retention thereof for an unreasonable time constitute[s] an account stated which is prima facie evidence of the correctness of the account." *General Petroleum Products, Inc.* v. *Merchants Trust Co.*, 115 Conn. 50, 56, 160 A. 296 (1932).

[3] Rather, these facts relate to the court's jurisdiction, which the defendant has not contested.

by the plaintiff in support of that motion, that unambiguously stated that "[o]n January 20, 1999, the [d]efendant utilized $12,777.29 in convenience checks" and, as a result, became indebted to the plaintiff. Furthermore, the defendant failed to submit any evidence to rebut the evidence submitted by the plaintiff. "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) *Home Ins. Co.* v. *Aetna Life & Casualty Co.*, 235 Conn. 185, 202, 663 A.2d 1001 (1995). The court's conclusion that there was no genuine issue that the plaintiff had extended the defendant credit was thus legally and logically correct.

The judgment is affirmed.