## AMERICAN SAVINGS BANK *v.* WILLIAM LUKAS III ET AL.
### (AC 28335)

Bishop, Harper and Beach, Js.

Submitted on briefs January 4—officially released March 18, 2008

---

*JoAnn Paul*, for the appellant (named defendant).

*Keith K. Fuller*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant William Lukas III[1] appeals from the judgment of the trial court approving the sale of certain real property after a judgment of foreclosure by sale. The defendant claims that the court improperly approved the sale on the motion of the committee of sale because, at the sale, the foreclosing lender, the plaintiff, American Savings Bank, now known as Banknorth, N.A., "offer[ed] a bid that was substantially below the debt owed to it and the appraised value of the property, and the successful bid [was], likewise, substantially lower than the debt owed and the appraised value of the property." We affirm the judgment of the trial court.

The record reflects that following judgment of foreclosure by sale, a committee sale occurred on October 21, 2006. On October 24, 2006, the committee filed a motion to approve the committee report, the committee deed and the fee and costs of the committee. The committee also filed a motion to grant the purchaser possession of the subject property. On November 8, 2006,

[1] Mary E. Lukas and Capital One were also named as defendants in this action. Mary Lukas did not enter an appearance, and Capital One, after entering an appearance, was defaulted after failing to disclose a defense. As William Lukas III is the only defendant to have participated substantially in the underlying proceedings and the only defendant to have participated in this appeal, we shall refer to him as the defendant.

before a hearing on the pending motions, the defendant, acting pro se, filed a motion for a continuance and extension of time to permit him to respond to the motions filed by the committee.[2] The court denied the defendant's motion and approved the committee's motions. This appeal followed the court's denial of the defendant's motion for reargument and reconsideration.[3]

"It is well settled that [t]his court is not bound to consider claimed errors unless it appears on the record that the question was distinctly raised . . . and was ruled upon and decided by the [trial] court adversely to the appellant's claim." (Internal quotation marks omitted.) *Bragdon* v. *Sweet*, 102 Conn. App. 600, 605, 925 A.2d 1226 (2007). On the basis of the record that the defendant submitted for our review, it does not appear that the court considered or resolved the objection at issue in this appeal. In fact, the defendant does not appear to dispute that at the time the court considered the propriety of the sale and ruled on the committee's motions, he had not objected on any ground to

[2] The defendant does not challenge the court's denial of that motion in this appeal. It appears that, after the filing of that motion, the defendant was represented by counsel during the remainder of the proceedings before the trial court and on appeal.

[3] The record reflects that the court acted on the committee's motions on November 13, 2006, and that the court issued notice of the rulings on November 14, 2006. On November 29, 2006, the defendant filed a motion requesting the court to permit reargument and to reconsider its approval of the sale. Therein, for the first time, the defendant complained that the plaintiff's bid on the property was less than the property's appraised value and that this subjected him "to a substantial deficiency judgment." On these grounds, the defendant requested that the court set a new sale date to permit the plaintiff an opportunity to purchase the subject property and to resell it "at [a] private sale for an amount approaching its fair market value, thereby reducing or eliminating [his] exposure to a deficiency."

The court summarily denied the motion for reargument and reconsideration without explaining the reasons for its ruling. The defendant did not ask the court to articulate its reasons for denying the motion and does not challenge the correctness of that ruling in this appeal. Thus, we do not review that ruling here. See *State* v. *Dalzell*, 282 Conn. 709, 715, 924 A.2d

the terms of the sale.[4] As this court has observed, "[i]f there is any objection to the terms of the sale, said objection should be made at the time the motion to confirm is considered." *National City Mortgage Co.* v. *Stoecker*, 92 Conn. App. 787, 800, 888 A.2d 95, cert. denied, 277 Conn. 925, 895 A.2d 799 (2006). The defendant did not raise this objection at an appropriate time in the proceedings, and the court did not afford it consideration. Under these circumstances, we decline to review this claim.

The judgment is affirmed.

809 (2007) (discussing general rule that Appellate Court limited to deciding issues raised and briefed by parties to appeal).

[4] The defendant, who bore the burden of providing this court with a record adequate for review; see Practice Book § 61-10; did not file any transcripts in this appeal. Consequently, we are left without any record to review what transpired during the hearing at which the court approved the sale of the subject property. See, e.g., *New Haven Savings Bank* v. *Mongillo*, 67 Conn. App. 799, 801–802, 789 A.2d 547 (2002). The representations of the parties before this court, however, afford us a basis on which to determine that the defendant did not raise any specific objections to the committee's sale of the property prior to the court's approval of the sale. The plaintiff filed a motion to dismiss this appeal, which, obviously, was denied. In reciting the history of the case in that motion, the plaintiff represented that the defendant had not raised any objection to the approval of the sale at any time prior to the court's approval of the sale. The plaintiff also argued that the defendant's failure to preserve any objection to the subject sale prior to its confirmation precluded this court from reviewing the issue raised in this appeal. In his memorandum of law in opposition to the motion, the defendant adopted the general recitation of the history of the case as set out in the plaintiff's motion and did not dispute the accuracy of the plaintiff's representations in this regard. Instead, the defendant claimed that he "diligently participated in these proceedings" and that the court had denied his request for additional time to respond to the committee's pending motions.