CREDIT ONE, LLC *v.* WILLIAM E. HEAD
(AC 30467)

Flynn, C. J., and Lavine and Hennessy, Js.

Argued May 27—officially released September 15, 2009

*William E. Head,* pro se, the appellant (defendant).

*Opinion*

LAVINE, J. The defendant, William E. Head, appeals from the judgment of the trial court rendered after it granted the motion for summary judgment filed by the plaintiff, Credit One, LLC. On appeal, the defendant claims that the court improperly concluded that there was no genuine issue as to any material fact and that the plaintiff was entitled to judgment as a matter of law. The defendant specifically repeats on appeal the arguments he made in his affidavit in opposition to the plaintiff's motion for summary judgment and asserts

that the plaintiff provided insufficient evidence regarding the amount of debt he allegedly owed, the interest rate and the identity of the entity alleged to have an agreement with him.[1] We disagree with the defendant and affirm the judgment of the trial court.

The following facts and procedural history are relevant for our consideration of the defendant's claim. The plaintiff commenced this action against the defendant by serving a complaint dated January 11, 2008, alleging two counts: default on an open end credit account and account stated. In the first count, the plaintiff alleged that it is a successor in interest to Citibank in a credit account held by the defendant, that he accepted a credit account from Citibank, that he is in default of his payment obligation for the extended credit and that there was due from him the sum of $5529.41 together with interest and costs of suit. In count two, the plaintiff alleged that it transmitted account statements to the defendant, setting forth charges and amounts due, that he received these statements without timely protest and neither objected to them nor indicated that they were erroneous. The plaintiff also alleged that the final statement transmitted to the defendant indicated a balance due and owing and asked for damages for the account stated balance plus statutory interest as allowed by law. In his answer filed on February 14, 2008, the defendant denied all allegations set forth in the complaint and set forth two defenses, namely, that the plaintiff had failed to provide validation of alleged debts under applicable state and federal statutes and pursued predatory lending practices.

On May 7, 2008, the plaintiff filed a motion for summary judgment, claiming that there were no genuine

---

[1] We interpret the arguments of the defendant, who is representing himself, as a challenge to the court's determination that the plaintiff successfully demonstrated the absence of any genuine issue of material fact. See *Utzler* v. *Braca*, 115 Conn. App. 261, 272 n.4, 972 A.2d 743 (2009) (this court exhibits some degree of leniency in reading appellate briefs of pro se litigants).

issues of material fact and that the plaintiff was entitled to judgment as a matter of law. The plaintiff's motion was accompanied by the following: a memorandum of law, a notarized affidavit of debt signed by the plaintiff's chief financial officer, a certificate of assignment from the plaintiff's authorized agent stating that the plaintiff purchased all rights, title and interest in the defendant's account from Citibank, a notarized affidavit of interest from the plaintiff's attorney seeking interest due in accordance with General Statutes § 37-3a and amounting to $2067.83,[2] and account documents. The account documents submitted by the plaintiff consisted of an application for a credit card account signed by the defendant on August 4, 1998, and copies of monthly billing statements issued by Citibank and addressed to William E. Head, Head & Associates, Ltd., residing at 52 Village Walk in Wilton. The plaintiff submitted six monthly billing statements. The last statement covered the period between July 5, 2004, and August 4, 2004, and showed the amount due to be $5529.41.[3]

In the memorandum of law accompanying its motion for summary judgment, in addressing the second count of its complaint, the plaintiff stated that there was no genuine issue of material fact as to whether the defendant properly objected to his credit card billing statements. The plaintiff stated that the defendant was

---

[2] In the affidavit of interest, the plaintiff stated that it sought interest in accordance with § 37-3a on the balance due, that the interest shall not exceed 10 percent per annum, that it is calculated at a rate of 10 percent from August 5, 2004, through May 1, 2008, at a "per diem rate of 1.51," and that it amounts to $2067.83.

[3] The plaintiff also submitted a copy of a bill of sale, assignment and assumption agreement between Debt One, LLC, and Citibank, USA, dated August 31, 2005, a copy of an assignment and bill of sale between Debt One, LLC, and the plaintiff, dated September 9, 2005, a notarized affidavit from Helen Denton, an employee of Citicorp Credit Services, Inc., and credit account terms and conditions. Last, the plaintiff submitted a copy of the decision of the office of the comptroller of the currency on the applications to reorganize the credit card operations of Citigroup, Inc., and to transfer certain other subsidiaries to Citibank, National Association, New York.

provided with account statements and that he accepted them without notice of defect. The plaintiff further argued that the defendant's address on the billing statements matched the address the defendant provided to Citibank and the address listed on the defendant's answer to the plaintiff's complaint. The plaintiff also stated that the final statement reflecting the defendant's outstanding account balance was accepted by the defendant without a notice of protest and that the defendant submitted no evidence of a proper billing dispute.

The only document submitted by the defendant in opposition to the plaintiff's motion was a notarized affidavit filed on May 15, 2008. In the affidavit, the defendant stated that the claimed charges are not his or that they are greater than any amounts he believes he incurred. The defendant attested that the plaintiff "has repeatedly failed to produce legally required validation of alleged debts" pursuant to unspecified "[f]ederal [s]tatutes" and requested, among other things, the following: receipts of the actual underlying charges, entity information[4] regarding the plaintiff and "[i]nformation on [the] plaintiff's computer system validity . . . ." The defendant also noted that the "statute of limitations may have run."[5]

The hearing on the plaintiff's motion for summary judgment, which the defendant did not attend, was held on September 29, 2008. The court granted the plaintiff's motion on September 29, 2008, awarding the plaintiff $5529.41 in damages and $2067.83 in interest. The court

[4] The defendant essentially requested information on why Debt One, LLC, was listed on the assignment agreement submitted by the plaintiff, as well as why the credit account terms and conditions submitted by the plaintiff refer to AT&T Universal Bank instead of Citibank.

[5] The defendant did not provide any legal analysis to support his assertion as to the statute of limitations in his affidavit in opposition to the summary judgment motion, did not further articulate it at the hearing on the plaintiff's motion and did not mention it in his appellate brief. We therefore decline to address it.

did not issue a memorandum of decision, but it mailed the copy of the signed transcript of the hearing to this court and both counsel. The transcript indicates that the court reviewed all the documents submitted by the plaintiff and the affidavit submitted by the defendant.

"Practice Book § [17-49] requires that judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A material fact is a fact that will make a difference in the result of the case. . . . The facts at issue are those alleged in the pleadings. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . . The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. See Practice Book §§ [17-44 and 17-45]. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . Our review of the trial court's decision to grant a motion for summary judgment is plenary." (Citation omitted; internal quotation marks omitted.) *Weiner* v. *Clinton*, 106 Conn. App. 379, 382–83, 942 A.2d 469 (2008).

We conclude that the court properly granted the plaintiff's motion for summary judgment because the plaintiff demonstrated that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law on count two of its complaint sounding in account stated.[6] Our Supreme Court stated in

[6] The plaintiff's complaint set forth two alternative counts asking for the same amount of damages. See, e.g., *Stein* v. *Horton*, 99 Conn. App. 477, 485, 914 A.2d 606 (2007) (breach of contract and unjust enrichment are

*General Petroleum Products, Inc.* v. *Merchants Trust Co.*, 115 Conn. 50, 56, 160 A. 296 (1932), that "[t]he delivery by the bank to the plaintiff of each statement of the latter's account, with the canceled checks upon which the charges against it were based, was a rendition of the account so that retention thereof for an unreasonable time constituted an account stated which is prima facie evidence of the correctness of the account. Such account stated can be opened or impeached upon proof of mistake or fraud, but the plaintiff's silence as to the correctness of the account rendered puts upon it the burden of proving that the account, as stated, was the result of such fraud or mistake." This court recently relied on *General Petroleum Products, Inc.*, when it considered an appeal from the rendering of summary judgment in an action that was based on the theory of account stated. See *Citibank (South Dakota), N.A.* v. *Manger*, 105 Conn. App. 764, 766–67, 939 A.2d 629 (2008) (summary judgment rendered in favor of plaintiff where defendant failed to make payments in accordance with credit card agreement). Other jurisdictions have held that the plaintiff was entitled to judgment as a matter of law by demonstrating that it generated statements for the defendant in the regular course of business and that it mailed those statements to the defendant, who retained them without objection for more than one year prior to the commencement of the action. See *Ameri-*

alternative counts entitling plaintiff to single measure of damages). It is unclear from the transcript of the hearing what principles of substantive law were considered by the court when it granted the plaintiff's motion for summary judgment.

In his appellate brief, the defendant does not make any specific reference to either cause of action pleaded by the plaintiff in its complaint, and the plaintiff has neither submitted an appellate brief nor appeared at the oral argument before this court. Because we exercise plenary review over a trial court's decision to grant a motion for summary judgment, we conclude that the plaintiff was entitled to judgment as a matter of law under count two of its complaint, and we therefore do not address count one of the complaint sounding in default on an open end credit account.

*can Express Centurion Bank* v. *Williams*, 24 App. Div. 3d 577, 807 N.Y.S.2d 612 (2005).[7]

We conclude that the plaintiff in the present case satisfied its burden of showing the absence of any genuine issue of material fact. In its complaint, the plaintiff alleged that the defendant received monthly billing statements setting forth charges and amounts due on his credit account and that the defendant neither objected to them nor indicated that they were erroneous prior to the commencement of the present action. The plaintiff submitted copies of six monthly account statements delivered to the defendant. Although the statements do not appear to account for the entire transactional history between the plaintiff and the defendant, which dates back to 1998, the plaintiff submitted a copy of the final account statement covering the period between July 5, 2004, and August 4, 2004. That statement, like the others, was addressed to the defendant at 52 Village Walk in Wilton, which is the address used by the defendant on his answer to the plaintiff's complaint. The statement informed the defendant that he owed $5529.41 to the plaintiff. On the basis of that, we conclude that the plaintiff demonstrated that the statements of the defendant's account were rendered to the defendant and that the defendant retained the statements for an unreasonable time, which, in an action that was based on account stated, is prima facie evidence of the correctness of the account. See *General Petroleum Products, Inc.* v. *Merchants Trust Co.*, supra, 115 Conn. 56; see also *Citibank*

[7] Several trial court decisions in Connecticut have also recognized the validity of an account stated cause of action in a factual context similar to the present one. See, e.g., *Citibank (South Dakota), N.A.* v. *Piscitelli*, Superior Court, judicial district of New Haven, Docket No. CV-04-0491060-S (March 17, 2006) (40 Conn. L. Rptr. 873); *Citibank* v. *Gemske*, Superior Court, judicial district of Middlesex, Docket No. CV-05-4002020-S (December 21, 2005) (40 Conn. L. Rptr. 489); *Citibank (South Dakota), N.A.* v. *Stewart*, Superior Court, judicial district of New Haven, Docket No. CV-05-4012384-S (November 30, 2005) (40 Conn. L. Rptr. 337).

*(South Dakota), N.A.* v. *Manger,* supra, 105 Conn. App. 765 (plaintiff satisfied its burden by showing it sent defendant monthly statements evidencing balance due and defendant did not dispute balance listed on statements prior to commencement of action).

The defendant did not dispute, in his answer or in his affidavit in opposition to the motion, that he received monthly account statements from the plaintiff or that he retained them for almost four years without objecting to them. Although the defendant attests in his affidavit that the plaintiff "repeatedly failed to produce legally required validation of alleged debt," he does not claim, or provide any evidence, that he objected to the monthly account statements prior to the institution of the present action. In his answer, the defendant denied all allegations set forth in the plaintiff's complaint and, in the affidavit in opposition to the plaintiff's motion, attested that "[i]t is the defendant's belief that the charges claimed are not [the] defendant's, and that should it be the case that certain of the charges alleged to be [the defendant's] are actually [the] defendant's charges, that the [moneys] borrowed and associated interest charges due as stated by [the] plaintiff, are far greater than any amounts [the] defendant believes were actually incurred, and therefore due by [the] defendant." The defendant's unsubstantiated belief is not sufficient to raise a genuine issue of material fact.

Once the movant shows the nonexistence of any material fact, "a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) *Home Ins. Co.* v. *Aetna*

*Life & Casualty Co.*, 235 Conn. 185, 202, 663 A.2d 1001 (1995). The defendant's assertions challenging the amount due in his answer and affidavit, unsupported by any evidence, are therefore mere assertions of fact and are insufficient to establish the existence of a material fact under the present circumstances.

The defendant's arguments regarding the plaintiff's identity are also insufficient to raise a genuine issue of material fact. We conclude that in light of the bills of sale and assignment submitted by the plaintiff, there is no genuine issue regarding the plaintiff's standing to bring this action. See footnote 3. Additionally, the defendant's allegation, unsupported by any evidence, that the associated interest charges are greater than he believes them to be is also insufficient to raise a genuine issue of material fact in light of the calculation of interest set forth in the plaintiff's affidavit of interest. See footnote 2. The remaining arguments in the defendant's affidavit and appellate brief are briefed inadequately and therefore insufficient to oppose the plaintiff's motion.[8] The court's conclusion that there was no genuine issue of material fact and that the plaintiff was

---

[8] The defendant also stated in his affidavit that the "plaintiff has repeatedly failed to produce legally required validation of alleged debts, as per applicable Federal Statutes that the State of Connecticut in permitting lending under rules only available to certain chartered lending institutions thereby allowing interest rate charges greater than those allowed under Connecticut Law per se, requires." At the hearing on its motion, the plaintiff explained to the court that it believed that the defendant was referring to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 through 1692o, which is not a valid defense to this action and which the plaintiff may address in a separate claim. In his appellate brief, the defendant refers, without providing any legal analysis, to 15 U.S.C. § 1692h (a) (4) and two federal cases addressing what constitutes acceptable debt collection means under that act. See *Clomon* v. *Jackson*, 988 F.2d 1314, 1316, 1318 (2d Cir. 1993); *Masuda* v. *Thomas Richards & Co.*, 759 F. Sup. 1456, 1466 (C.D. Cal. 1991). Because it is unclear how the statute or the case law cited by the defendant is applicable to the present case, we conclude that the defendant's raising of this inadequately briefed claim does not make the court's conclusion that there was no genuine issue of a material fact logically and legally incorrect.

entitled to summary judgment as a matter of law was therefore logically and legally correct.

The judgment is affirmed.

In this opinion the other judges concurred.