## CITIBANK (SOUTH DAKOTA), N.A. *v.*
## BEVERLY J. EVVARD
## (AC 31995)

DiPentima, C. J., and Bishop and Gruendel, Js.

Argued March 21—officially released May 24, 2011

*Beverly J. Evvard,* pro se, the appellant (defendant).

*Julie B. Solomon,* for the appellee (plaintiff).

*Opinion*

PER CURIAM. This case arises from an action brought by the plaintiff, Citibank (South Dakota), N.A.,

for recovery of credit card debt owed by the defendant, Beverly J. Evvard. The defendant appeals from the judgment rendered by the trial court following the granting of the plaintiff's motion for summary judgment. On appeal, she claims that the plaintiff lacked standing to maintain the action and, therefore, that the trial court lacked subject matter jurisdiction over the case.[1] We affirm the judgment of the trial court.

The following undisputed facts and procedural history are relevant to our disposition of this appeal. On April 7, 2008, the plaintiff filed a complaint sounding in account stated[2] for $7676.87 of unpaid credit card debt. The pro se defendant filed an answer and asserted seven special defenses, including that the plaintiff lacked standing to maintain the action because the plaintiff was not certified to transact business in Connecticut. The plaintiff subsequently filed a motion for summary judgment. Without addressing the issue of standing, the court granted the plaintiff's motion on January 14, 2010, and rendered judgment in favor of the plaintiff in the amount of $7676.87 plus interest in the amount of $1520.66. This appeal followed.

The defendant's sole claim on appeal is that the plaintiff, as a foreign corporation not registered to conduct business in Connecticut, is barred by General Statutes

---

[1] Although during oral argument before this court the parties also debated whether the trial court properly disregarded an affidavit of the defendant when it ruled on the plaintiff's motion for summary judgment, the defendant did not raise that issue in her principal brief, and, therefore, we do not address it. See *Breen* v. *Judge*, 124 Conn. App. 147, 155 n.4, 4 A.3d 326 (2010).

[2] The theory of account stated is described as follows: "The delivery by the [creditor] to the [debtor] of each statement of the latter's account, with the [documentation] upon which the charges against [the debtor's account] were based, [is] a rendition of the account so that retention thereof for an unreasonable time constitute[s] an account stated which is prima facie evidence of the correctness of the account." *General Petroleum Products, Inc.* v. *Merchants Trust Co.*, 115 Conn. 50, 56, 160 A. 296 (1932).

§ 33-921 (a)[3] from maintaining this action. "If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause." (Internal quotation marks omitted.) *Burton* v. *Commissioner of Environmental Protection*, 291 Conn. 789, 802, 970 A.2d 640 (2009). "We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." (Internal quotation marks omitted.) *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 532–33, 911 A.2d 712 (2006).

The plaintiff admits that it is a foreign corporation and that it has not registered to conduct business in Connecticut. It contends, however, that it is not barred from maintaining this action because its activities fall under the exemption provided by statute for interstate commerce.[4] General Statutes § 33-920 (a) provides in relevant part that "[a] foreign corporation, other than an insurance, surety or indemnity company, may not transact business in this state until it obtains a certificate of authority from the Secretary of the State. . . ." Section 33-920 (b) (11), however, provides that "transacting business in interstate commerce" does not constitute "transacting business" within the meaning of

[3] General Statutes § 33-921 (a) provides: "A foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority."

[4] It is disappointing that the plaintiff did not cite the relevant statute either in its brief in support of its motion for summary judgment or in its appellate brief. In fact, at no point prior to oral argument before this court did it cite any legal authority in regard to its standing to bring this action. Nevertheless, because the defendant has raised the issue of the plaintiff's standing, implicating the trial court's subject matter jurisdiction, our independent review of the relevant statutory authority persuades us that the plaintiff does have standing to bring this action in Connecticut.

§ 33-920 (a). As claimed by the defendant and acknowledged by the plaintiff, there is nothing in the record to indicate that the plaintiff or any subsidiary of the plaintiff maintains a physical presence or employees in this state. The plaintiff avers, however, that it is a national bank that operates through interstate commerce, offering credit cards nationwide from outside the state of Connecticut, and that Connecticut courts have exercised subject matter jurisdiction over similar actions maintained by the plaintiff on multiple occasions. See, e.g., *Citibank (South Dakota), N.A.* v. *Manger*, 105 Conn. App. 764, 939 A.2d 629 (2008); *Citibank (South Dakota), N.A.* v. *Gifesman*, 63 Conn. App. 188, 773 A.2d 993 (2001). On the basis of the pleadings and the application of § 33-920 (b) (11), we conclude that the plaintiff does not lack standing under § 33-921 (a) to maintain the present action.

The judgment is affirmed.